The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON MOOMJY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HQ SUSTAINABLE MARITIME INDUSTRIES, INC., NORBERT SPORNS and JEAN-PIERRE DALLAIRE,

Defendants.

Case No. 2:11-cv-00726-RSL

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Note on Motion Calendar: July 15, 2011

ORAL ARGUMENT REQUESTED

Presently before the Court is a securities class action brought on behalf of on behalf of purchasers of the common stock of HQ Sustainable Maritime Industries, Inc. ("HQS" or the "Company") between May 11, 2009 and April 1, 2011, inclusive (the "Class Period"), alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Pursuant to the Exchange Act, the Federal Rules of Civil Procedure, and the PSLRA, Mr. Edward Gutman hereby moves this Court for an order (a) appointing him as the Lead

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL (2:11-CV-00726-RSL) Page - 1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiff in the action under section 21D(a)(3)(B) of the Exchange Act; and (b) approving his selection of Abbey Spanier Rodd & Abrams, LLP to serve as Lead Counsel and Keller Rohrback L.L.P. to serve as Liaison Counsel for the Class in the action. This motion is made on the grounds that Mr. Gutman Group is the most adequate plaintiff as defined by the PSLRA. He has suffered losses of approximately $8,000, has submitted a sworn certification demonstrating his desire to serve as a lead plaintiff in this action and his understanding of the attendant duties and obligations of serving as lead plaintiff on behalf of the class. In addition, Mr. Gutman, for purposes of this motion, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the putative Class, and he will fairly and adequately represent the interests of the Class.

To the best of his knowledge, Mr. Gutman has suffered the greatest loss sustained by any movant or movant group who has filed a complaint or filed an application to serve as Lead Plaintiff in this action and for purposes of this motion, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, therefore pursuant to the PSLRA he is the most adequate lead plaintiff.

This Motion is based on the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Erin M. Riley filed herewith, and all prior pleadings and proceedings herein, and such other written or oral argument as may be permitted by the Court. A proposed order regarding the appointment of Lead Plaintiff and approval of Lead and Liaison Counsel accompanies this motion.

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF
LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL
(2:11-CV-00726-RSL) Page - 2

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTUAL BACKGROUND

This action was brought on behalf of purchasers of the common stock of HQS between May 11, 2009 and April 1, 2011, inclusive. HQS describes itself as "an integrated aquaculture and aquatic product processing company, with operations based in the environmentally pristine island province of Hainan, in China's South Sea." The complaint, filed on April 28, 2011, charges HQS and certain of its officers and executives with violations of the Exchange Act.

The complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaint alleges that: (a) a substantial portion of the Company's revenues were overstated; (b) HQS's financial statements were not fairly presented in conformity with U.S. Generally Accepted Accounting Principles and were materially false and misleading; (c) HQS was operating with material deficiencies in its system of internal control over its financial reporting; and (d) based on the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its prospects and growth.

On March 16, 2011, the Company announced in a press release that it would file a Notification of Late Filing on Form 12b-25 with the SEC, allowing it to postpone the filing of its annual report on Form 10-K for fifteen calendar days, or until April 1, 2011. The Company disclosed that it "fully expected" to file the Form 10-K by the April 1, 2011 deadline.

After the close of the market on April 1, 2011, investors were shocked to discover that HQS was still out of compliance with federal laws and AMEX listing standards, causing trading in the Company's shares to be suspended by the AMEX. HQS shares closed trading on April 1,

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF
LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL
(2:11-CV-00726-RSL) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2011 at $2.78 per share. The Company's shares were then suspended from further trading, and have not resumed trading since.

In a letter dated April 6, 2011 (which was filed as an Exhibit to the Company's Form 8-K filed on April 11, 2011), the Chairman of HQS's audit committee of the board of directors, Andrew Intrader, abruptly resigned, and disclosed some of the previously undisclosed problems that were going on behind the scenes at HQS. Director Intrader noted how the CEO of the Company had blocked the Company's independent auditors from reviewing data necessary to audit the reported sales and revenues of HQS. As a result, Director Intrader felt "compelled by conscience" to resign his position as audit committee chairman and as a director of the Company.

## II.   PROCEDURAL HISTORY

Plaintiff Jason Moomly, commenced this case number 11-cv-000726, the first-filed related case, on April 28, 2011, and on April 28, 2011 counsel for plaintiff Moomly published a notice of pendency of plaintiff's case over national recognized news media sources including Bloomberg News.  See Riley Decl. Ex. A.  Movant brings the instant motion pursuant to plaintiff Moomly's notice of pendency, and files this motion prior to the expiration of the 60-day period from publication of the June 27, 2011, notice.

## III.   ARGUMENT

### A.    Any Subsequently Filed Related Class Actions Should Be Consolidated

Section 21D(a)(3)(B)(ii) of the Exchange Act addresses the issue of consolidation of similar actions filed under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)(I)] until after the decision on the motion to consolidate is rendered.

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF
LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL
(2:11-CV-00726-RSL) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

15 U.S.C. §78u-4(a)(3)(B)(ii).

Accordingly, a two-step process is applied in determining lead plaintiff and lead counsel status when consolidation is an issue.  First, the Court shall rule on the consolidation issue. Second, after the cases have been consolidated, the Court rules on the lead plaintiff and lead Counsel Issues.   At This Time Movant Is Unaware Of Any Other Related Actions.

**B.** **Movant Should Be Appointed Lead Plaintiff**

**1.** **The Procedures Required By The PSLRA**

Section 21D of the Exchange Act, as amended by the PSLRA, sets forth the procedure for the selection of Lead Plaintiff to oversee class actions brought under the federal securities laws.  Specifically, §21D(a)(3)(A)(i) provides that within 20 days after the date on which the first class action is filed under the PSLRA, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice informing class members of the action and their right to file a motion for the appointment of lead plaintiff.

The PSLRA provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed Lead Plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).  Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by a plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.  Under this section, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members that the Court determines to be most capable of adequately representing the interests of class members.

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF
LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL
(2:11-CV-00726-RSL) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

In determining the "most adequate plaintiff" the PSLRA provides that:

> [T]he Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

## 2.    Mr. Gutman Has Complied With The PSLRA

The first complaint filed against defendants was the *Moomly v. HQ Sustainable Maritime Industries, Inc., et al.*, 11-CV-00726, which was filed on April 28, 2011.  On April 28, 2011, a notice was published over the *Business Wire* that informed potential class members of the pendency of the action and their right to move to be appointed lead plaintiff and to designate their choice of lead counsel within 60 days.  Exhibit A to Riley Decl.

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)((3)(A) and (B) expires on June 27, 2011.  Pursuant to the PSLRA, and within the requisite time frame after publication of the required notice, Movant herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Mr. Gutman duly signed a certification stating that he reviewed a complaint filed in the Action, and is willing to serve as a representative party on behalf of the Class.  Riley Decl., Exh. B.  The certification demonstrates that Mr. Gutman has suffered losses in excess of $8,000 in connection with their purchases of HQS common stock. Mr. Gutman is a motivated shareholder

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF
LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL
(2:11-CV-00726-RSL) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

who has express his willingness to pursue this litigation.    In addition, Mr. Gutman has selected

and retained experienced and competent counsel to represent them and the Class.  Riley Decl.

Exh. C and D.

### 3.    Mr. Gutman Has The Largest Financial Interest In The Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate

plaintiff… is the person or group of persons that … has the largest financial interest in the relief

sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).   In addition, the Exchange Act

§21D(a)(3)(B) provide that the most adequate Lead Plaintiff is presumed to be the "person or

group of persons" that, among other things," has the largest financial interest.  The statutory

language explicitly provides that a "member or members" of the class or the "person or group of

persons" may combine to constitute "the largest financial interest" and thereby jointly serve as

the "most adequate plaintiff." *Id.*

Here, Mr. Gutman's certification demonstrates that he purchased HQS stock at prices

artificially inflated by defendants' false and misleading statements and suffered losses of over

$8,000.[1]  Riley Decl., Exh. B.  To the best of his knowledge, Mr. Gutman has the largest

financial interest in the relief sought by the Class.  Mr. Gutman, therefore, is presumptively the

most adequate plaintiff pursuant to the PSLRA.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

Moreover, Mr. Gutman has expressed a desire and willingness to serve as a lead plaintiff in the

consolidated action.  Mr. Gutman is presumptively the most-adequate Lead Plaintiff.

---

[1] Pursuant to §21D(e)(1) of the 1934 Act, the damages for Plaintiff holding their shares through the end of the class period are calculated as "the difference between the purchase or sale price paid or received and the mean trading price of HQS during the 90 day period beginning on the date of which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  15 U.S.C. §78u-4(e)(1).  This mean trading price for the 90-day period following April 1,2011 is $0.00 because the stock has been halted from trading since that date.

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF
LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL
(2:11-CV-00726-RSL) Page - 7

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.      **Mr. Gutman Otherwise Satisfy Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class.  As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a).

a.      **The Claims Of Mr. Gutman Are Typical Of The Claims Of The Class**

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and their claims are based on the same legal issues.  *Schlagell v. Learning Tree Int'l*, 1999 WL 672306 *3 (C.D. Cal. February 23, 1999) (the typicality requirement is met "if the representatives' claims stem from the same event or course of conduct as other class members' claims and are based on the same legal theory as the absent members"); *Slaven v. BP America, Inc.*, 190 F.R.D. 649 (C.D. Cal. 2000) (a party satisfies the typicality standard where his claims stem from the same event or course of conduct as other class members' claims and are based on the same legal theory).

The questions of law and fact common to the class members here, which predominate over questions that may affect individual claims, include:  (a) whether the federal securities laws were violated by defendants' acts; (b) whether defendants' statements during the Class Period omitted and/or misrepresented material facts; (c) whether the defendants acted intentionally or recklessly; (d) whether the market price of HQS stock was artificially inflated due to the

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF
LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL
(2:11-CV-00726-RSL) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  activities complained of; and (e) the extent of damages class members sustained and the

2  appropriate measure of those damages.  Mr. Gutman's claims are typical of the claims of the

3  members of the proposed class.  Mr. Gutman, as do all members of the class, asserts that certain

4  of HQS directors and high ranking officers violated the Exchange Act by publicly disseminating

5  false and misleading statements, and by failing to disclose material adverse facts about HQS.

6  Further, Mr. Gutman as did all of the members of the proposed class, acquired HQS stock at

7  prices inflated by defendants' misrepresentations and omissions and were damaged thereby.  The

8  typicality requirement is satisfied here because the claims asserted by Mr. Gutman are based on

9  the same legal theory and arise from the same event or practice or course of conduct that gives

10  rise to the claims of the class members, and is based on the same legal theory.  *Slaven*, 190

11  F.R.D. 649 (C.D. Cal. 2000).

### b.   Mr. Gutman Will Adequately Represent The Interests Of The Class

13         The adequacy of representation requirement of Rule 23 is satisfied where it is established

14  that a representative party "will fairly and adequately protect the interests in the class."

15  Accordingly:

16         The Ninth Circuit has held that representation is "adequate when counsel for the
17         class is qualified and competent, the representative's interests are not antagonistic
18         to the interests of absent class members, and it is unlikely that the action is
19         collusive.

20  *Takada v. Turbodyne Tech. Inc.* 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999). The interests of

21  Movant are clearly aligned with the members of the proposed class.  There is no evidence of any

22  antagonism between Movant and the proposed class members.  As detailed above, Mr. Gutman

23  shares substantially similar questions of law and fact with the members of the proposed class,

24  their claims are typical of the members of the class, and they have taken significant steps to

25  advance this litigation.  In addition, they have amply demonstrated their adequacy to serve as

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF
LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL
(2:11-CV-00726-RSL) Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

class representatives by signing a certification affirming their willingness to serve as, and assume the responsibilities of class representatives. Finally, Movant has selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent them. For these reasons, Mr. Gutman should be appointed Lead Plaintiff in the consolidated action.

**C.      This Court Should Approve Mr. Gutman's Choice Of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. §21D(a)(3)(B)(v). Mr. Gutman selected the law firm of Abbey Spanier Rodd & Abrams, LLP ("Abbey Spanier") to serve as Lead Counsel and the law firm of Keller Rohrback L.L.P. to serve as Liaison Counsel. These firms have extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Riley Decl., Exhs. C and D.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Gutman respectfully requests that the Court: (a) appoint him as Lead Plaintiff in the consolidated action; and (b) approve Lead Plaintiff's choice of Abbey Spanier to serve as Lead Counsel and Keller Rohrback to serve as Liaison Counsel.

Dated: June 27, 2011

KELLER ROHRBACK L.L.P.

/s/ Erin M. Riley
Lynn Lincoln Sarko, WSBA # 16569
Juli E. Farris, WSBA #17593
Erin M. Riley, WSBA # 30401
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  (206) 623-1900
Facsimile:   (206) 623-3384

*Proposed Liaison Counsel*

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF
LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL
(2:11-CV-00726-RSL) Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ABBEY SPANIER RODD & ABRAMS, LLP
Nancy Kaboolian
212 East 39th Street
New York, New York 10016
Telephone:  (212) 889-3700
Facsimile:  (212) 684-5191

***Proposed Lead Counsel***

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF
LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL
(2:11-CV-00726-RSL) Page - 11

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2011, I electronically filed the

> MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;
>
> DECLARATION OF ERIN M. RILEY IN SUPPORT OF THE MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL; and
>
> [PROPOSED] ORDER APPOINTING EDWARD S. GUTMAN AS OF LEAD PLAINTIFF, AND APPROVING HIS CHOICE OF LEAD PLAINTIFF LEAD COUNSEL AND LIAISON COUNSEL

with the Clerk o the Court using the CM/ECF system which will send notification of such filing to the email addresses registered, as denoted on the attached list, and I hereby certify that I have caused to be mailed the foregoing document or paper via the United States Postal Service to non CM/ECF participants on the list below:

Steve W. Berman steve@hbsslaw.com

Karl Phillip Barth karlb@hbsslaw.com

Benjamin J. Stone bstone@cozen.com

KELLER ROHRBACK L.L.P.

/s/ Erin M. Riley
Erin M. Riley, WSBA #30401
eriley@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

MOTION OF EDWARD S. GUTMAN FOR APPOINTMENT OF
LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL
(2:11-CV-00726-RSL) Page - 12

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384