Case 2:11-cv-00726-RSL   Document 18   Filed 06/27/11   Page 1 of 10

HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON MOOMJY, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>      v.<br><br>HQ SUSTAINABLE MARITIME INDUSTRIES, INC., NORBERT SPORNS and JEAN-PIERRE DALLAIRE,<br><br>                              Defendants. | No. 11-cv-00726-RSL<br><br>MOTION TO APPOINT CARL SCHATZ AS LEAD PLAINTIFF AND TO APPROVE SELECTION OF COUNSEL<br><br>NOTED FOR:  July 15, 2011<br><br>ORAL ARGUMENT REQUESTED |

MOTION TO APPOINT CARL SCHATZ AS LEAD PLAINTIFF AND
TO APPROVE SELECTION OF COUNSEL
Case No. 11-cv-00726-RSL



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010255-11  457046 V1

Proposed lead plaintiff Carl Schatz ("Schatz") will, and hereby does, move this Court for an order: (1) appointing Schatz as Lead Plaintiff in the above-captioned actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approving Schatz's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel pursuant to the PSLRA.

## I.    INTRODUCTION

This action was brought on behalf of all persons who purchased or otherwise acquired the common stock of HQ Sustainable Maritime Industries, Inc. ("HQS" or the "Company") between May 11, 2009, and April 1, 2011 (the "Class Period"), pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

Schatz should be appointed as lead plaintiff in this action because he: (1) timely filed for appointment as lead plaintiff; (2) has the largest financial interest in this litigation of any proposed lead plaintiff of which he is aware; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Schatz's selection of Hagens Berman and Robbins Geller to serve as lead counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Hagens Berman and Robbins Geller both possess experience in the prosecution of securities class actions and will adequately represent the interests of all class members as lead counsel.

## II.    SUMMARY OF PENDING ACTIONS

HQS describes itself as "an integrated aquaculture and aquatic product processing company, with operations based in the environmentally pristine island province of Hainan, in China's South Sea."

The complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects.

MOTION TO APPOINT CARL SCHATZ AS LEAD PLAINTIFF AND
TO APPROVE SELECTION OF COUNSEL - 1
Case No. 11-cv-00726-RSL



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010255-11  457046 V1

Specifically, the complaint alleges: (i) that a substantial portion of the Company's revenues were overstated; (ii) that HQS's financial statements were not fairly presented in conformity with U.S. Generally Accepted Accounting Principles and were materially false and misleading; (iii) that HQS was operating with material deficiencies in its system of internal control over its financial reporting; and (iv) that, based on the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its prospects and growth.

On March 16, 2011, the Company announced in a press release that it would file a Notification of Late Filing on Form 12b-25 with the SEC, allowing it to postpone the filing of its annual report on Form 10-K for fifteen calendar days, or until April 1, 2011. The Company disclosed that it "fully expected" to file the Form 10-K by the April 1, 2011 deadline.

After the close of the market on April 1, 2011, investors were shocked to discover that HQS was still out of compliance with federal laws and AMEX listing standards, causing trading in the Company's shares to be suspended by the AMEX. HQS shares closed trading on April 1, 2011, at $2.78 per share. The Company's shares were then suspended from further trading, and have not resumed trading since.

In a letter dated April 6, 2011 (which was filed as an Exhibit to the Company's Form 8-K filed on April 11, 2011), the Chairman of HQS's audit committee of the board of directors, Andrew Intrader, abruptly resigned, and disclosed some of the previously undisclosed problems that were going on behind the scenes at HQS. Director Intrader noted how the CEO of the Company had blocked the Company's independent auditors from reviewing data necessary to audit the reported sales and revenues of HQS. As a result, Director Intrader felt "compelled by conscience" to resign his position as audit committee chairman and as a director of the Company.

MOTION TO APPOINT CARL SCHATZ AS LEAD PLAINTIFF AND
TO APPROVE SELECTION OF COUNSEL - 2
Case No. 11-cv-00726-RSL



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010255-11 457046 V1

### III.   ARGUMENT

**A.   Schatz Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for appointing a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action, pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, the relevant notice was published on *Business Wire* on April 28, 2011.  *See* Declaration of Steve W. Berman in Support of Motion to Appoint Carl Schatz as Lead Plaintiff and to Approve Selection of Counsel ("Berman Decl."), Ex. A.[1]  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A)(II).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

---

[1] The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'"  *Greebel v. FTP Software*, 939 F. Supp. 57, 58 (D. Mass. 1996); *see Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

Unless otherwise noted, all emphasis is added and citations are omitted.

MOTION TO APPOINT CARL SCHATZ AS LEAD PLAINTIFF AND
TO APPROVE SELECTION OF COUNSEL - 3
Case No. 11-cv-00726-RSL



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

010255-11  457046 V1

    (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### 1. Schatz Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by June 27, 2011. 15 U.S.C. §78u-4(a)(3)(A)(II). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on April 28, 2011), Schatz hereby moves this Court in a timely manner to be appointed lead plaintiff on behalf of all members of the class.

Schatz has duly signed and filed a certification stating that he has reviewed the allegations of the complaint and is willing to serve as a representative party on behalf of the class. *See* Berman Decl., Ex. B.

### 2. Schatz Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period Schatz suffered losses of approximately $323,153 based on his purchases of 272,384 shares of HQS securities at a cost of over $1,123,429, and retained 108,100 shares at the time of defendants' disclosures. *See* Berman Decl., Exs. B, C. Accordingly, upon information and belief, Schatz possesses the largest financial interest in the outcome of this litigation and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. Schatz Otherwise Satisfy Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and

MOTION TO APPOINT CARL SCHATZ AS LEAD PLAINTIFF AND
TO APPROVE SELECTION OF COUNSEL - 4
Case No. 11-cv-00726-RSL

HB HAGENS BERMAN

1918 E<small>IGHTH</small> A<small>VENUE</small>, S<small>UITE</small> 3300 • S<small>EATTLE</small>, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010255-11 457046 V1

adequately protect the interests of the class.  Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed.  *See In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264-65 (3d Cir. 2001).  Typicality does not require that there be no factual differences between the class representatives and the class members, because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'").  The Court should consider whether movant's circumstances "'are markedly different or . . . the legal theory upon which the claims [of that movant] are based differs from that upon which the claims of other class members will perforce be based.'"  *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988).  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

Schatz satisfies the typicality requirement of Rule 23 because, just like all other class members, he:  (1) purchased HQS securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby.  Thus, Schatz's claims are typical of those of other class

MOTION TO APPOINT CARL SCHATZ AS LEAD PLAINTIFF AND
TO APPROVE SELECTION OF COUNSEL - 5
Case No. 11-cv-00726-RSL



1918 Eighth Avenue, Suite 3300 • Seattle, WA  98101
(206) 623-7292 • FAX (206) 623-0594

010255-11  457046 V1

members since his claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Cree*, 219 F.R.D. at 372.

Here, Schatz is an adequate representative of the class because his interests in aggressively pursuing the claims against defendants are clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market. There is no antagonism between Schatz's interests and those of the other members of the class. In addition, as demonstrated below, Schatz's proposed counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Schatz *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

**B.     Schatz's Selection of Counsel Should Be Approved**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Schatz as the presumptively most adequate plaintiff, has selected Hagens Berman and Robbins Geller as lead counsel, subject to this Court's approval. Hagens Berman is very experienced in class action litigation, and particularly in securities litigation, where we have achieved numerous successes throughout the country and in this Court. For example, Hagens Berman has successfully prosecuted securities class actions in this district against Boeing ($92.5 million settlement), Nordstrom, Mercer International, Wall Data, Midisoft, Piper Jaffray and numerous

MOTION TO APPOINT CARL SCHATZ AS LEAD PLAINTIFF AND
TO APPROVE SELECTION OF COUNSEL - 6
Case No. 11-cv-00726-RSL



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010255-11  457046 V1

1  others. Elsewhere throughout the country, Hagens Berman recently settled a securities fraud
2  class action against Charles Schwab for $235 million, and has previously been appointed lead
3  counsel in *Morrison Knudsen* ($63 million), *Raytheon/Washington Group* ($39 million), *Boston*
4  *Chicken* and numerous other cases. *See* Berman Decl., Ex. D.

   Robbins Geller is a 180-lawyer law firm that is actively engaged in complex litigation
emphasizing securities, consumer and antitrust class actions. Robbins Geller possesses extensive
experience litigating securities class actions and has successfully prosecuted numerous securities
fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as
lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers
Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever
in an antitrust case, and *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002).
Robbins Geller's securities department includes numerous trial attorneys and many former
federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the
prosecution of complex securities issues. Berman Decl., Ex. E.

### IV.   CONCLUSION

For the foregoing reasons, Schatz satisfies the requirements of Rule 23 and all of the
PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed
lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B). Schatz respectfully requests that this Court:
(1) appoint him as Lead Plaintiff pursuant to §21D(a)(3)(B); and (3) approve his selection of
Hagens Berman and Robbins Geller as lead counsel.

MOTION TO APPOINT CARL SCHATZ AS LEAD PLAINTIFF AND
TO APPROVE SELECTION OF COUNSEL - 7
Case No. 11-cv-00726-RSL



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010255-11  457046 V1

Dated: June 27, 2011.

HAGENS BERMAN SOBOL SHAPIRO LLP


By: /s/ Steve W. Berman
Steve W. Berman, WSBA #12536
Karl P. Barth, WSBA #22780
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com
E-mail: karlb@hbsslaw.com


ROBBINS GELLER RUDMAN
   & DOWD LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
E-mail: darrenr@rgrdlaw.com
E-mail: triciam@rgrdlaw.com

*[Proposed] Co-Lead Counsel for Plaintiff*

MOTION TO APPOINT CARL SCHATZ AS LEAD PLAINTIFF AND
TO APPROVE SELECTION OF COUNSEL - 8
Case No. 11-cv-00726-RSL



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010255-11  457046 V1

# CERTIFICATE OF SERVICE

On June 27, 2011, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

- Karl Phillip Barth
  karlb@hbsslaw.com,shelby@lmbllp.com,dawn@hbsslaw.com,shelbys@hbsslaw.com
- Steve W. Berman
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com
- Benjamin J Stone
  bstone@cozen.com,mstone@cozen.com

Executed this 27th day of June, 2011, in Seattle, Washington.

HAGENS BERMAN SOBOL SHAPIRO LLP

By:   /s/ Steve W. Berman
         Steve W. Berman

MOTION TO APPOINT CARL SCHATZ AS LEAD PLAINTIFF AND
TO APPROVE SELECTION OF COUNSEL - 9
Case No. 11-cv-00726-RSL


1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010255-11  457046 V1