THE HONORABLE ROBERT S. LASNIK

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

# AT SEATTLE

| | |
|---|---|
| JASON MOOMJY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HQ SUSTAINABLE MARITIME INDUSTRIES, INC., NORBERT SPORNS and JEAN-PIERRE DALLAIRE,<br><br>　　　　　　　　　　　　　Defendants. | Civil Action No.   2:11-cv-00726-RSL<br><br>**MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>NOTE ON MOTION CALENDAR:<br>JULY 15, 2011 |

MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL (2:11-cv-00726-RSL)

**WEINSTEIN COUTURE PLLC**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98154
(206) 389-1734 - FACSIMILE (206) 389-1708

Proposed Lead Plaintiff Maric Capital Master Fund, Ltd. ("Maric") respectfully moves this Court for an order appointing it as Lead Plaintiff on behalf of itself and all others similarly situated who purchased the common stock of HQ Sustainable Resources ("HQS" or the "Company") common stock between May 11, 2009 and April 1, 2011, inclusive, and approving its selection of the law firm of Motley Rice LLC ("Motley Rice") as Lead Counsel and the law firm of Weinstein Couture PLLC ("Weinstein Couture") as Liaison Counsel. This Motion is based on the following Memorandum of Points and Authorities as well as the attached Declaration of Gregg S. Levin in Support of the Motion of Maric Capital Master Fund, Ltd. for Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel ("Levin Decl.").[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired HQ Sustainable Resources common stock between May 11, 2009 and April 1, 2011, inclusive (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Maric respectfully moves the Court to appoint it as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act and to approve Maric's selection of the law firm

---

[1] Maric also is submitting a Proposed Order concurrently with this motion.

MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR
APPT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL
(2:11-cv-00726-RSL) – Page 1

**WEINSTEIN COUTURE PLLC**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON  98154
(206) 389-1734  -  FACSIMILE (206) 389-1708

Motley Rice to serve as Lead Counsel and the law firm of Weinstein Couture to serve as Liaison Counsel.

This motion is made on the grounds that Maric is the most adequate plaintiff, as defined by the PSLRA. Maric suffered losses of $40,742.51 in connection with its purchases of HQS common stock during the Class Period. (*See* Levin Decl. Exs. A & B.) In addition, Maric, for the purposes of this motion, satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure. More specifically, Maric's claims are typical of the claims of the putative class and Maric will fairly and adequately represent the interests of the class.

II.   FACTUAL BACKGROUND[2]

HQS engages in the production and marketing of health products derived from marine based raw materials, as well as Tilapia. The Company practices cooperative farming of sustainable aquaculture and produces all-natural enriched feeds, Tilapia value added products, and health products. HQS markets its nutraceutical and health products, including its Omojo branded health products, through retail and franchise sales in China. The Company also produces and sells certified seafood products, including Gluten Free and Lillian's Healthy Gourmet products, in the United States. HQS was founded in 1989 and is headquartered in Seattle, Washington.

The complaint charges HQS and certain members of its senior management team with violations of the Exchange Act. The complaint alleges that, during the Class Period, Defendants materially overstated HQS's sales, revenue and net income. These overstatements allowed the Company's stock to continue to trade at artificially high levels throughout the Class Period, and also allowed HQS to make two public offerings of its securities in 2009 and 2010.

---

[2] These facts are drawn from the allegations in the complaint captioned *Jason Moomjy v. HQ Sustainable Maritime Industries, Inc.*, No. 2:11-cv-00726-RSL (the "*Moomjy* Action").

MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR
APPT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL
(2:11-cv-00726-RSL) – Page 2

WEINSTEIN COUTURE PLLC
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98154
(206) 389-1734 - FACSIMILE (206) 389-1708

On March 16, 2011, the Company suddenly announced that it would be unable to file its financial statements and annual report with the SEC on that date, as required by federal law, and was seeking a fifteen day extension "due to delays in compiling information for the preparation of the financial statements." The Company, however, assured investors that it "fully expected" to be able to file its 2010 financial statements by April 1, 2011. In response to this news, HQS shares fell $0.58 per share, or 15%, to close at $3.26 per share.

In reality, the "delay[] in compiling information" was a calculated effort by the Company's CEO, Norbert Sporns, to stonewall HQS's auditors and the special counsel hired by the Company's audit committee to investigate accounting improprieties at HQS. Such delay tactics caused the Company to miss the April 1, 2011 deadline.

After the close of the market on April 1, 2011, investors were shocked to discover that HQS still was out of compliance with federal law and AMEX listing standards, causing trading in the Company's shares to be suspended by that exchange. HQS shares closed trading on April 1, 2011, at $2.78 per share, and have not resumed trading since. Moreover, the Chairman of HQS's audit committee of the board of directors, Andrew Intrader ("Intrader"), abruptly resigned on April 6, 2011. In a letter filed as an exhibit to the Company's Form 8-K filed on April 11, 2011, Intrader revealed a myriad of problems at HQS. To date, the Company still has not filed its required financial reports.

III. ARGUMENT

    A. Maric Should Be Appointed Lead Plaintiff

        1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action

MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL (2:11-cv-00726-RSL) – Page 3

WEINSTEIN COUTURE PLLC
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98154
(206) 389-1734 - FACSIMILE (206) 389-1708

pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within twenty days of the filing of the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the *Moomjy* Action caused the first notice regarding the pendency of this action to be published on *Business Wire*, a national, business-oriented newswire service, on April 28, 2011.[3] (*See* Levin Decl. Ex. C.) Within sixty days of publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A).

Second, the PSLRA provides that, within sixty days of publication of the notice, the Court shall consider any motion made by a purported class member and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides that, when determining the "most adequate plaintiff":

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

---

[3] *Business Wire* has been recognized consistently as a suitable vehicle for meeting the PSLRA's statutory requirement for notice publication. *See, e.g.*, *Blake Partners, Inc. v. Orbcomm, Inc.*, Nos. 07-4517 (WHW), 07-4590(WHW), 2008 WL 2277117, at *3 (D.N.J. June 2, 2008) (noting publication "on *Business Wire*, a national, business-oriented newswire service . . . [is] in compliance with 15 U.S.C. § 77z-1(3)(A)(I)"); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004).

MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL (2:11-cv-00726-RSL) – Page 4

**WEINSTEIN COUTURE PLLC**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98154
(206) 389-1734 - FACSIMILE (206) 389-1708

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

    2.    Maric Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

    a.    Maric has complied with the Exchange Act and should be appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff in this case expires on June 27, 2011. Thus, Maric has timely moved this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Additionally, a Maric representative has duly signed and caused to be filed a certification stating it is willing to serve as a representative on behalf of the class. (*See* Levin Decl. Ex. A.) Moreover, Maric has selected and retained competent counsel to represent it and the class. (*See Id.* Exs. D & E.) Accordingly, Maric has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment of Lead Plaintiff and the selection of Lead and Liaison Counsel as set forth herein considered and approved by the Court.

    b.    Maric has the requisite financial interest in the relief sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification (Levin Decl. Ex. A), Maric purchased HQS common stock in reliance upon materially false and misleading statements issued by the Defendants and was injured thereby. In addition, Maric incurred a substantial loss of $40,742.51 on its transactions in HQS common stock. (*See* Levin Decl. Ex. B.) Maric thus has a significant financial interest in the case.

MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL (2:11-cv-00726-RSL) – Page 5

**WEINSTEIN COUTURE PLLC**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98154
(206) 389-1734 - FACSIMILE (206) 389-1708

Therefore, Maric satisfies all the PSLRA's prerequisites and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

                c.      Maric otherwise satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff also must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

    (1)    the class is so numerous that joinder of all members is impracticable;

    (2)    there are questions of law or fact common to the class;

    (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites for class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, when deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), deferring examination of the remaining requirements until the lead plaintiff moves for class certification. *See, e.g.*, *Schonfield v. Dendreon Corp.*, Nos. C07-800MJP, C07-869MJP, C07-870MJP, C07-898MJP, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007) ("*In re Cavanaugh* holds that this inquiry shall focus solely on the 'typicality' and 'adequacy' aspects of that rule (as the other elements of Rule 23 go to the issue of the certification of the class as a whole)."). Maric satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL (2:11-cv-00726-RSL) – Page 6

**WEINSTEIN COUTURE PLLC**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98154
(206) 389-1734 - FACSIMILE (206) 389-1708

1    Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. The typicality requirement is satisfied when the named plaintiff has: "(1) suffered the same injuries as the class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues." *Zucker v. Zoran Corp.*, No. C 06-04843 WHA, 2006 WL 3591156, at *3 (N.D. Cal. Dec. 11, 2006); *see also Doral Bank P.R. v. WaMu Asset Acceptance Corp.*, No. C09-1557MJP, 2010 WL 1180359, at *2 (W.D. Wash. Mar. 24, 2010) (noting "a representative's claim is typical if the injury allegedly suffered by the named plaintiffs and the rest of the class resulted from the same allegedly illegal practice") (citation and internal quotation marks omitted). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether this requirement is satisfied. *See Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662, 665 (E.D. Wash. 2002) ("'Typicality refers to the nature of the claim . . . not to the specific facts from which it arose.'" (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (alteration in original))).

Maric satisfies the typicality requirement because, just like all other class members, it purchased HQS common stock during the Class Period in reliance upon the allegedly materially false and misleading statements issued by Defendants and suffered damages thereby. Thus, Maric's claims are typical of those other class members since their claim and the claims of other class members arise out of the same course of events.

A representative party also must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The standard for adequacy of representation under Rule 23(a)(4) is met by the absence of potential conflict between the named plaintiff and the class members and the class representatives' choice of counsel who is qualified, experienced, and able to vigorously

MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR
APPT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL
(2:11-cv-00726-RSL) – Page 7

**WEINSTEIN COUTURE PLLC**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON  98154
(206) 389-1734  -  FACSIMILE (206) 389-1708

conduct the proposed litigation. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (noting a court should inquire as to whether "named plaintiffs and their counsel have any conflicts of interests with other class members" and whether "named plaintiffs and their counsel [can] prosecute the action vigorously on behalf of the class").

Here, Maric will more than adequately represent the interests of the class. There is no conflict between the interests of Maric and those of the other members of the class. Moreover, by executing a certification detailing its Class Period transactions and expressing its willingness to serve as class representative, moving this Court to be appointed Lead Plaintiff, and retaining competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner, Maric already has taken significant steps demonstrating that it recognizes, and will protect, the interests of the class.

          d.      Maric is precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA

In addition to satisfying the requirements of Rule 23, Maric is a sophisticated institutional investor.[4] The Congressional objective in enacting the PSLRA's lead plaintiff provision was to encourage large, organized institutional investors to play a more prominent role in class action litigation for violations of federal securities laws. *See, e.g.*, *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("'[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.'" (quoting *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005))); *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *13 (N.D. Cal. Feb. 15, 2011) ("This decision to appoint [the Fund], an institutional investor, also comports

---

[4] Maric, which was launched in 2005 and has approximately $15 million under management, focuses on niche investment strategies and its management has years of successful experience in the investment banking, private equity and public investments markets.

MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL (2:11-cv-00726-RSL) – Page 8

**WEINSTEIN COUTURE PLLC**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98154
(206) 389-1734 - FACSIMILE (206) 389-1708

with the PSLRA's goal to increase the likelihood that institutional investors would serve as lead plaintiffs.").

B.   The Court Should Approve Maric's Choice Of Counsel

Pursuant to 15 U.S.C. § 8u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See Cavanaugh*, 306 F.3d at 732-33.  In that regard, Maric has selected the law firm of Motley Rice as Lead Counsel and the law firm of Weinstein Couture as Liaison Counsel.  Motley Rice has substantial experience in the prosecution of shareholder and securities class actions.  (*See* Levin Decl. Ex. D.)  Weinstein Couture is based in Seattle, Washington, and founding partner Brian Weinstein has prosecuted complex civil cases of a nationwide scope since 1981.  (*Id.* Ex. E.)  Accordingly, the Court should approve Maric's selection of counsel.

IV.  CONCLUSION

For all the foregoing reasons, Maric respectfully requests that the Court appoint Maric as Lead Plaintiff in the Action and approve its selection of Lead and Liaison Counsel.

DATED: June 27, 2011					**WEINSTEIN COUTURE PLLC**

*/s/ Brian D. Weinstein*
BRIAN D. WEINSTEIN, WSBA # 24497
Email:  brian@weinsteincouture.com
1001 Fourth Ave., Ste 4400
Seattle, WA  98154
Telephone:  (206) 389-1734
Facsimile:   (206) 389-1708

[Proposed] Liaison Counsel

MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL (2:11-cv-00726-RSL) – Page 9

**WEINSTEIN COUTURE PLLC**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON  98154
(206) 389-1734  -  FACSIMILE (206) 389-1708

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

              **MOTLEY RICE LLC**
              Gregg S. Levin
              Email:  glevin@motleyrice.com
              David P. Abel
              Email:  dabel@motleyrice.com
              28 Bridgeside Blvd.
              Mt. Pleasant, SC  29464
              Telephone:  (843) 216-9000
              Facsimile:   (843) 216-9440

              [Proposed] Lead Counsel

MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL (2:11-cv-00726-RSL) – Page 10

**WEINSTEIN COUTURE PLLC**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON  98154
(206) 389-1734  -  FACSIMILE (206) 389-1708

CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2011, I caused the foregoing MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF to be:

X     electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Karl Phillip Barth | karlb@hbsslaw.com |
| Steve W. Berman | steve@hbsslaw.com |
| Benjamin W. Stone | bstone@cozen.com |

\_\_     mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

\_\_     hand delivered to the following non-CM/ECF participants:

\_\_     e-mailed and mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

                                                                          */s/ Brian D. Weinstein*
                                                                          BRIAN D. WEINSTEIN, WSBA # 24497

MOTION OF MARIC CAPITAL MASTER FUND, LTD. FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL (2:11-cv-00726-RSL) – Page 11

**WEINSTEIN COUTURE PLLC**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98154
(206) 389-1734 - FACSIMILE (206) 389-1708