1

2

HONORABLE ROBERT S. LASNIK

3

4

5

6

7

8

9

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

10

| | |
|---|---|
| JASON MOOMJY, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>HQ SUSTAINABLE MARITIME INDUSTRIES, INC., NORBERT SPORNS, and JEAN-PIERRE DALLAIRE,<br><br>       Defendants. | No. 11-cv-0726-RSL<br><br>**MOTION OF STEVE PURCELL FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Note on Motion Calendar:  July 15, 2011<br><br>Oral Argument Requested |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION OF STEVE PURCELL FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
No. 11-cv-0726-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

- 1 -

Under § 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), Steve Purcell, a shareholder of Defendant HQ Sustainable Maritime Industries, Inc. ("HQS") and a member of the putative class in this action, moves this Court for an order:

(1)   Appointing Purcell as Lead Plaintiff;

(2)   Approving Purcell's selection of Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel; and

(3)   Granting such other and further relief as the Court deems just and proper.

Purcell makes this motion based on the grounds that (1) he has suffered a recoverable loss of approximately $67,100.00 in connection with his purchases of 20,000 shares of HQS stock between May 11, 2009 and April 1, 2011; and (2) he satisfies the requirements of Federal Rule of Civil Procedure 23 because his claims are typical of the claims of other class members and because he will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This motion is based upon the following Memorandum of Points and Authorities, the accompanying Declaration of William R. Spurr and exhibits, all other papers and proceedings in this action, and such other written or oral argument the Court may consider in deciding this motion.  A proposed order regarding the Lead Plaintiff and Lead Counsel appointments is attached to this motion.

MOTION OF STEVE PURCELL FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
No. 11-cv-0726-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

- 2 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is a securities fraud class action brought on behalf of persons who purchased HQS stock between May 11, 2009 and April 1, 2011 (the "Class Period").  Steve Purcell, who suffered substantial losses as a result of his purchase of 20,000 shares of HQS common stock during the Class Period, moves to (1) appoint him as Lead Plaintiff; and (2) approve his selection of counsel, Chapin Fitzgerald Sullivan & Bottini LLP, as Lead Counsel.

The Court should apply the three-step process under § 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and appoint Purcell as Lead Plaintiff because:

- Purcell has timely made a motion for lead plaintiff appointment;

- he is the presumptive lead plaintiff since he has lost approximately $67,100.00 as a result of the misrepresentations and omissions alleged in this action and, to the best of his knowledge, he has the largest financial interest in the relief sought by the class; and

- he meets the typicality and adequacy of representation requirements under Federal Rule of Civil Procedure 23.

*See* 15 U.S.C. § 78u-4(a)(3).

Furthermore, the Court should approve Purcell's selection of the law firm of Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel because the firm specializes in securities litigation, has a demonstrated record of success in litigating securities class actions, and is thus well qualified to represent the class of HQS shareholders.

Accordingly, the Court should grant Purcell's motion in its entirety.[1]

---

[1] The motion does not seek consolidation of related actions because this is the only securities class action pending in this District arising from HQS's false and misleading statements made during the Class Period.  In the event that similar actions are filed in or transferred to this District, the Court should consolidate these actions under Federal Rule of Civil Procedure 42(a) and 15 U.S.C. § 78u-4(a)(3)(B)(ii).  *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989) (the "district court has broad discretion . . . to consolidate cases").

MOTION OF STEVE PURCELL FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
No. 11-cv-0726-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

- 3 -

1

## II.    STATEMENT OF FACTS

2        According to the complaint dated April 28, 2011, HQS is a Seattle-based aquaculture

3  and aquatic product processing company.  During the Class Period, two HQS officers,

4  Defendants Norbert Sporns and Jean-Pierre Dallaire, issued false and misleading

5  statements about HQS's business, operations, and management, causing HQS common

6  stock to trade at artificially inflated prices – at a Class Period high of nearly $10.00 a share.

7  But the truth of HQS's financial condition emerged on April 1, 2011, when the public

8  learned that HQS failed to file its financial statements in compliance with federal laws.

9  HQS's stock price closed at $2.78 per share that day.  Since then, the trading of HQS stock

10 has been suspended for failure to comply with listing standards.

11       News about HQS only got worse after April 1, 2011.  On April 6, Andre Intrader, an

12 HQS board member and the chairman of its audit committee, announced that he felt

13 "compelled by conscience" to resign his positions with HQS.  And HQS retained the law

14 firm of Latham & Watkins to conduct an internal investigation regarding its accounting

15 irregularities.  To date, the internal investigation remains pending, and HQS remains out

16 of compliance with listing standards.

17       Following these announcements, Plaintiff Jason Moomjy filed this action alleging

18 violations of Sections 10(b) and 20(a) of the Exchange Act.  On April 28, 2011, a notice of

19 the pendency of this action was published on Business Wire.  *See* Declaration of William R.

20 Spurr ("Spurr Decl.") Ex. A.

21       Within 60 days after the publication of this notice, Purcell moves for lead plaintiff

22 appointment on June 27, 2011.

23

24

25

26

27

28

MOTION OF STEVE PURCELL FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
No. 11-cv-0726-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

- 4 -

## III.   ARGUMENT

### A.   The Court Should Appoint Purcell As Lead Plaintiff Because He Is The "Most Adequate Plaintiff"

The PSLRA provides a rebuttable presumption that the most adequate plaintiff in any securities fraud class action is the person or group of persons that:

- has either filed the complaint or made a motion in response to a notice;

- in the determination of the court, has the largest financial interest in the relief sought by the class; and

- otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  Here, Purcell meets each of these three requirements.

### 1.   Purcell's Motion Is Timely

Because the Business Wire notice regarding the pendency of this action was published on April 28, 2011, the 60-day period in which class members may move to be appointed lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(A)(II) expires on June 27, 2011.  *See* Spurr Decl. Ex. A at 1.  Thus, Purcell's motion is timely.  In addition, Purcell has retained competent counsel to represent him and the class.  *See* Spurr Decl. Ex. D.  Purcell thus satisfies the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff and approval of lead counsel considered by the Court.

### 2.   Purcell Is the Presumptive Lead Plaintiff

The PSLRA requires the Court to appoint a "lead plaintiff" in securities class actions. 15 U.S.C. § 78u-4(a)(3)(B)(i).  The "lead plaintiff" is "the member or members of the purported plaintiff class that the [C]ourt determines to be most capable of adequately representing the interests of class members."  *Id.*  To identify the presumptive "most adequate plaintiff," the Court must first determine which member or group of members of the class has the largest alleged loss.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

MOTION OF STEVE PURCELL FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-0726-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

- 5 -

1  As demonstrated in Purcell's certification, he purchased 20,000 shares of HQS

2  common stock during the Class Period.  *See* Spurr Decl. Ex. B at 2.  As a result of these

3  purchases, Purcell suffered approximately $67,100.00 in damages.  Spurr Decl. Ex. C.  To

4  the best of his knowledge, Purcell does not know of another HQS shareholder who is

5  seeking lead plaintiff appointment and who has suffered a higher amount of damages.

6  Thus, Purcell is qualified to become the presumptive most adequate plaintiff.  *See*

7  *Cavanaugh*, 306 F.3d at 730; *see also Armbruster v. Cellcyte Genetics Corp.*, No. 08-cv-

8  0047-RSL, 2008 U.S. Dist. LEXIS 96288, at *6 (W.D. Wash. Apr. 28, 2008) (Lasnik, J.)

9  (finding the persons with the largest loss as the presumptive lead plaintiffs).

10  ### 3.  Purcell Satisfies the Requirements of Rule 23

11  The PSLRA requires that lead plaintiffs, in addition to having the largest financial

12  interest, must "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil

13  Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) requires that:  (1) the class

14  be so numerous that joinder of all members is impracticable; (2) there be questions of law

15  or fact common to the class; (3) such claims be typical of those of the class; and (4) the

16  representatives fairly and adequately protect the interests of the class.  FED. R. CIV. P.

17  23(a).  In deciding a lead plaintiff motion, courts limit their inquiry to the typicality and

18  adequacy prongs of Rule 23(a).  *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal.

19  2005) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)).

20  The typicality requirement of Rule 23(a)(3) is satisfied when:  (1) the named

21  plaintiffs have suffered the same injuries as the absent class members; (2) as a result of the

22  same course of conduct; and (3) their claims are based on the same legal issues.  *See*

23  *Armbruster*, 2008 U.S. Dist. LEXIS 96288, at *7 (finding typicality); *see also In re*

24  *McDermott Int'l, Inc. Sec. Litig.*, No. 08 Civ. 9943 (DC), 2009 U.S. Dist. LEXIS 21539, at

25  *6 (S.D.N.Y. Mar. 6, 2009) (requiring only a "preliminary showing" of typicality and

26  adequacy of representation).  This does not require that the representative claims be

MOTION OF STEVE PURCELL FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
No. 11-cv-0726-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

- 6 -

1  substantially identical to absent class members' claims; it only requires that the claims are

2  reasonably co-extensive with those of absent class members.  *Hanlon v. Chrysler Corp.*,

3  150 F.3d 1011, 1020 (9th Cir. 1998).  Thus, courts have repeatedly held that typicality is

4  satisfied in securities class actions when the class representative, like all other class

5  members, suffered damages as a result of purchasing the subject stock during the relevant

6  time period at prices that were artificially inflated by defendants' alleged false and

7  misleading statements.  *See*, *e.g.*, *Armbruster*, 2008 U.S. Dist. LEXIS 96288, at *7.

8         Purcell's claims are typical of those of other class members.  He purchased HQS

9  stock during the Class Period at prices artificially inflated by the misrepresentations and

10  omissions alleged in this action.  Like other class members, Purcell suffered damages as a

11  result of his purchases of HQS stock.  These shared claims satisfy Rule 23(a)(3)'s typicality

12  requirement because they are based on the same legal theory and arise from the same

13  events and course of conduct as the class claims.

14         The adequacy of representation requirement of Rule 23(a)(4) is satisfied when

15  counsel for the class is competent, the representative's interests are not antagonistic to

16  those of the absent class members, and it is unlikely that the action is collusive.  Here,

17  Purcell is an adequate representative of the class for two reasons.  First, Purcell's interests

18  are clearly aligned with the interests of the members of the class because, like other class

19  members, he paid artificially inflated prices for HQS stock due to Defendants' materially

20  false and misleading statements.  There is no antagonism between Purcell's interests and

21  those of the putative class.  *Armbruster*, 2008 U.S. Dist. LEXIS 96288, at *7.  Second,

22  Purcell has taken significant steps that demonstrate his willingness and ability to protect

23  the interests of the class:  (1) he has executed a sworn certification detailing his Class

24  Period transactions; (2) he has timely moved this Court for appointment as lead plaintiff;

25  and (3) he has retained competent and experienced counsel to prosecute these claims.  *See*

26  *id.*  As discussed below, Purcell's proposed counsel is highly qualified, experienced, and

27

28

MOTION OF STEVE PURCELL FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
No. 11-cv-0726-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

- 7 -

1   able to conduct this complex litigation in a professional manner.  *See* Spurr Decl. Ex. D.

2   Thus, Purcell satisfies the typicality and adequacy requirements of Rule 23 for the

3   purposes of this motion.

4         **B.     The Court Should Approve Purcell's Choice of Counsel**

5         The PSLRA provides that the lead plaintiff shall, subject to court approval, select

6   and retain lead counsel.  15 U.S.C. § 78u-4(a)(3)(B)(v).  A court should not disturb the lead

7   plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15

8   U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Purcell has selected the law firm of Chapin Fitzgerald

9   Sullivan & Bottini LLP as Lead Counsel.  The attorneys at Chapin Fitzgerald have

10  substantial experience in prosecuting securities class actions.  *See* Spurr Decl. Ex. D.

11  Indeed, Mr. Bottini, one of the firm's partners, has been involved in a number of securities

12  class actions in this District, including *In re Cell Therapeutics, Inc.*, No. 10-cv-0414-MJP

13  (W.D. Wash.).  Mr. Bottini is currently serving as lead counsel for the class in a multi-

14  billion-dollar action involving a feeder fund to Bernard L. Madoff's Ponzi scheme*, In re*

15  *Herald, Primeo, and Thema Funds Securities Litigation*, No. 09 Civ. 0289 (RMB)

16  (S.D.N.Y.).  Accordingly, the Court should approve Purcell's selection of Chapin Fitzgerald

17  as lead counsel for the class.

18  **IV.    CONCLUSION**

19        For the reasons set forth above, the Court should appoint Steve Purcell as Lead

20  Plaintiff and Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel.

21  Dated:  June 27, 2011               Respectfully submitted,

22                                LAW OFFICE OF WILLIAM R. SPURR

23                                 s/ William R. Spurr

                                William R. Spurr

24

25                                1001 Fourth Avenue, Suite 3600

26                                Seattle, Washington 98154
                              Telephone:  (206) 682-2692
                              Facsimile:  (206) 682-2587

27                                *Counsel for Steve Purcell*

MOTION OF STEVE PURCELL FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
No. 11-cv-0726-RSL

                      LAW OFFICE OF WILLIAM R. SPURR
                      1001 Fourth Avenue, Suite 3600
                      Seattle, Washington 98154
                      Telephone:  (206) 682-2692
                      Facsimile:  (206) 682-2587

- 8 -

1    CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
     Francis A. Bottini, Jr.
2    Jill M. Sullivan
     Albert Y. Chang
3    550 West C Street, Suite 2000
     San Diego, California 92101
4    Telephone:  (619) 241-4810
     Facsimile:  (619) 955-5318
5
     *Proposed Lead Counsel for Steve Purcell*
6    *and the Class*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION OF STEVE PURCELL FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
No. 11-cv-0726-RSL

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

- 9 -