1  KENNETH L. KARLBERG (SBN 18781)
   KARLBERG & ASSOCIATES PLLC
2  851 Coho Way, Suite 308
   Bellingham, WA 98225
3  Telephone: (360) 255-7264
   Facsimile: (360) 483-4577
4  ken@karlberglaw.com

5  Attorneys for Movant, Asbestos Workers, Local 14 Pension Fund

6  (Additional Counsel Appear on Signature Page)

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| JASON MOOMJY, individually and on behalf of all others similarly situated, | No. 2:11-CV-00726-RSL |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF ASBESTOS WORKERS, LOCAL 14 PENSION FUND AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL; SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES |
| HQ SUSTAINABLE MARITIME INDUSTRIES, INC., NORBERT SPORNS and JEAN-PIERRE DALLAIRE, | |
| Defendants. | NOTE ON MOTION CALENDAR: Friday, July 15, 2011 |
| | Hon. Robert S. Lasnik |

NOTICE OF MOTION AND MOTION; SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES
Case No. 2:11-CV-00726-RSL

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Friday, July 15, 2011, or as soon after as the matter may be heard, in the courtroom of the Honorable Robert S. Lasnik, Chief District Court Judge, 700 Stewart Street, Seattle, Washington 98101, and pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, proposed lead plaintiff, the Asbestos Workers, Local 14 Pension Fund, will, and hereby does, move this Court for an Order:  (1) appointing the Asbestos Workers, Local 14 Pension Fund as Lead Plaintiff in the above-captioned action;  (2) approving its selection of the law firms of Shepherd, Finkelman, Miller & Shah, LLP as Lead Counsel and  Karlberg & Associates PLLC as Liaison Counsel; and (3) granting such other and further relief as the Court may deem just and proper.  This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Kenneth L. Karlberg, the pleadings and files herein, and such other written or oral argument as may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

The Asbestos Workers, Local 14 Pension Fund ("the Fund" or "Movant") respectfully submits this Memorandum of Points and Authorities in support of its Motion for Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel.  As an institutional investor, the Fund is uniquely qualified to serve as lead plaintiff on behalf of the class proposed in this securities action against HQ Sustainable Maritime Industries, Inc. ("HQSM" or the "Company"), and is precisely the type of investor that Congress had in mind when it passed the Private Securities Litigation Reform Act ("PSLRA") in 1995. The legislative history of the PSLRA reflects that it was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because, *inter alia*, such investors will possess substantial business acumen and, motivated by a significant financial interest in the outcome of the action, "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. Rep. No. 104-369, at 34 (1995); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 321 (2007) (PSLRA "aimed to

increase the likelihood that institutional investors – parties more likely to balance the interests of the class with the long-term interests of the company – would serve as lead plaintiffs"); In re Cavanaugh, 306 F.3d 726, 738 (9th Cir. 2002) (PSLRA's lead plaintiff provisions "promote the goal of attracting institutional investors"); Backe v. Novatel Wireless, Inc., No. 08-CV-01689-H (RBB), 2008 WL 5214262, at *4 (S.D. Cal. Dec. 10, 2008) (finding that "a sophisticated institutional investor with a real financial interest in the litigation" to be "the sort of lead plaintiff envisioned by Congress in the enactment of the PSLRA").  As explained below, appointing the Fund as lead plaintiff in this action will fulfill the goal of the PSLRA because it is the "most adequate" plaintiff to represent those who purchased or otherwise acquired HQSM securities during the class period (defined below).  In addition, because the Fund has selected and retained Shepherd, Finkelman, Miller & Shah, LLP and Karlberg & Associates PLLC to serve as its lead and liaison counsel, respectively, both of whom have extensive experience in prosecuting securities fraud and other complex litigation matters, its selection of counsel should also be approved.

**II.    STATEMENT OF FACTS** [1]

This is a securities class action lawsuit (the "Action") brought on behalf of all those who have purchased or otherwise acquired HQSM common stock between May 11, 2009 and April 1, 2011 (the "Class Period").  The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78(j)(b) and 78t(a)) ("Exchange Act"), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).  Defendants are HQSM, the Company's Chief Executive Officer, Norbert Sporns ("Sporns"), and its Chief Executive Officer and Chief Accounting Officer, Jean-Pierre Dallaire ("Dallaire") (collectively, "Defendants").

HQSM is a Delaware corporation founded in 1989 and headquartered in Seattle, Washington.  Complaint ("Compl."), ¶¶ 14, 27.  The Company engages in the production and marketing of health products derived from marine-based raw materials, as well as Tilapia, and it practices cooperative farming of sustainable aquaculture, produces all natural enriched feeds, Tilapia value added products, and health products.  Id. at ¶ 27.  The Company markets its nutraceutical and health

---

[1]   These facts are based upon the operative Complaint filed in this case on April 28, 2011 (the "Complaint").  See Docket, No. 1.

products, including its Omojo-branded health products, through retail and franchise sales in China, and it produces and sells certified, value added seafood products in the United States. Id. As of May 11, 2009, the Company's shares traded at $9.91 per share. Id. at ¶ 31.

Between May 11, 2009 and November 9, 2010, the Company issued a series of press releases touting the Company's operating and financial performance. Id. at ¶¶ 29-48. In addition, the Company filed quarterly 10-Q reports with the U.S. Securities and Exchange Commission ("SEC"), which repeated the same financial information as the press releases. Id. With each of these 10-Q reports, both Sporns and Dallaire submitted sworn certifications in which they attested to the truthfulness of the disclosures and the accuracy and effectiveness of the Company's systems of internal accounting control. Id. During this timeframe, the Company made two public offerings of its securities (in June 2009 and August 2010), which generated, respectively, $11.9 million in net proceeds and $11.5 million in gross proceeds for the Company. Id. at ¶¶ 20, 35-36, 47.

In March 2011, the Company began to reveal the true state of its business. On March 16, 2011, the Company announced that it was unable to file its annual report with the SEC and was seeking an extension until April 1, 2011 "due to delays in compiling information for the preparation of the financial statements." Id. at ¶ 52. By April 1, 2011, the Company failed to file its annual report, causing trading in the Company's shares to be suspended by the AMEX. Id. at ¶¶ 53-54. Thus, the Company's common stock last traded at $2.78 per share. Id. at ¶ 54. Five days later, in a letter dated April 6, 2011, the Chairman of the audit committee of the Company's Board of Directors, Andrew Intrader, abruptly resigned and disclosed significant accounting misconduct at the Company. Id. at ¶ 55. To date, the Company still has not filed its annual report, it remains out of compliance with federal laws and AMEX regulations, and trading of the Company's shares continues to be suspended. Id. at ¶¶ 8, 54.

**III. ARGUMENT**

    **A. Movant is the Most Adequate Applicant and Should Be Appointed Lead Plaintiff.**

        **1. Movant Has Complied with the Notice and Filing Provisions of the PSLRA**

The PSLRA establishes a procedure that governs the appointment of a lead plaintiff in "each

- 4 -
NOTICE OF MOTION AND MOTION; SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES
Case No. 2:11-CV-00726-RSL

private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i). Under this statute, the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action. This notice must inform class members of their right to file a motion for appointment as lead plaintiff. See 15 U.S.C. §78u-4(a)(3)(A)(i). Within sixty (60) days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. See 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Here, the notice of the filing of this Action was published by counsel for Jason Moomjy, the named plaintiff, on April 28, 2011. A copy of the Notice is attached as Exhibit "A" to the Declaration of Kenneth L. Karlberg ("Karlberg Decl.") filed herewith. Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on June 27, 2011.[2] See 15 U.S.C. §78u- 4(a)(3)(A) and (B). Movant now timely moves this Court to be appointed Lead Plaintiff in this Action on behalf of all members of the class.

Movant's Certification, which is attached as Exhibit "B" to the Karlberg Decl., states that an authorized representative of the Fund has reviewed the allegations of the Complaint and is willing to serve as representative on behalf of the class. In addition, Movant has selected and retained competent counsel to represent it and the class. The firm resumes for Shepherd, Finkelman, Miller & Shah, LLP and Karlberg & Associates PLLC are attached as Exhibit "C" to the Karlberg Decl. Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff granted, and its selection of Shepherd, Finkelman, Miller & Shah, LLP as lead counsel and Karlberg & Associates PLLC as liaison counsel approved by the Court.

**2.   Movant Suffered the Largest Loss of Any Other Movant**

The PSLRA provides that within ninety (90) days after publication of the notice, the court

---

[2]   Since June 26, 2011 falls on a Sunday, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the date for moving for lead plaintiff appointment is June 27, 2011, which is the "next day that is not a Saturday, Sunday, or legal holiday."

shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. See 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). See In re Cavanaugh, 306 F.3d at 730; Backe, 2008 WL 5214262, at *2; Sabbagh v. Cell Therapeutics, Inc., No. C10-414MJP, 2010 WL 3064427, at *3-*4 (W.D. Wash. Aug. 2, 2010).

During the Class Period, Movant purchased HQSM common stock and suffered significant losses. Specifically, as reflected in its Certification (Exhibit "B"), the Fund purchased a total of 3,200 net shares of HQSM common stock during the Class Period and, after subtracting for shares retained, has suffered estimated losses in excess of $24,000.[3] Thus, Movant has a significant financial interest in the outcome of this Action. To the best of Movant's knowledge, there are no other applicants or applicant groups seeking appointment as lead plaintiff that have a larger financial interest. Therefore, Movant satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this Action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4 (a)(3)(B).

### 3.  No Grounds Exist to Challenge Movant's Adequacy as Lead Plaintiff

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial

---

[3] Under the Exchange Act, losses are calculated as the difference between the purchase or sale price paid and the mean trading price over a 90-day period beginning after the close of the class period. See 15 U.S.C. § 78u-4(e)(1). Here, trading of HQSM shares was suspended on April 1, 2011 and, thus, there is no 90-day period. Accordingly, the mean trading price used to calculate Movant's losses is $2.78 per share, which was the last trading price of HQSM shares on April 1, 2011. A chart reflecting the calculation of the Fund's losses is attached as Exhibit "D" to the Karlberg Decl.

- 6 -

1  interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the
2  requirements of Rule 23 of the Federal Rules of Civil Procedure." See In re Cavanaugh, 306 F.3d
3  at 730l. In selecting a lead plaintiff, it is well established that the court should limit its inquiry to the
4  typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements
5  until the lead plaintiff moves for class certification. Id.; Backe, 2008 WL 5214262, at *4; In re Jones
6  Soda Co. Sec. Litig., No. C07-1366RSL, 2008 WL 418002, at *1 (W.D. Wash. Feb. 12, 2008).
7  Movant should be appointed lead plaintiff because it satisfies the typicality and adequacy
8  requirements of Rule 23.

9  Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of
10 those of the class. See Backe, 2008 WL 5214262, at *4 (quoting Hanlon v. Chrysler Corp., 150 F.3d
11 1011, 1019 (9th Cir. 1998)) (claims are typical if they are "reasonably co-extensive with those of
12 absent class members; they need not be substantially identical"). Typicality "is satisfied when each
13 class member's claim arises from the same course of events, and each class member makes similar
14 legal arguments to prove the defendant's liability." Armstrong v. Davis, 275 F.3d 849, 868 (9th Cir.
15 2001) (citation and internal quotations omitted). Here, Movant satisfies this requirement because,
16 just like all other class members, it purchased or otherwise acquired HQSM common stock during
17 the Class Period; the prices at which those purchases were made were artificially inflated because
18 of Defendants' materially false and misleading statements and/or omissions; and it suffered damages
19 as a result of Defendants' conduct. Thus, Movant's claims arise out of the same course of events
20 as those of other class members and are typical.

21 Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the
22 interests of the class." In this Circuit, adequacy determines whether "the named plaintiffs and their
23 counsel have any conflicts of interests with other class members" and whether "the named plaintiffs
24 and their counsel [will] prosecute the action vigorously on behalf of the class." Backe, 2008 WL
25 5214262, at *4 (quoting Hanlon, 976 F.2d at 1020).

26 Here, Movant is an adequate representative of the class. Like other members of the proposed
27 class, Movant suffered from the artificial inflation of the price of HQSM securities and would benefit
28 from the same relief. Furthermore, there is no evidence of any antagonism between Movant and the

- 7 -

1 class. In addition, as shown below, Movant's proposed lead counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Having suffered significant losses, Movant will also be motivated to vigorously prosecute this action. Thus, Movant satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B.  The Court Should Approve Movant's Choice of Counsel.

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), Movant shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. See In re Cavanaugh, 306 F.3d at 734 (the PSLRA "clearly leaves the choice of class counsel in the hands of the lead plaintiff"). Movant has selected the law firms of Shepherd, Finkelman, Miller & Shah, LLP and Karlberg & Associates PLLC to serve as lead and liaison counsel, respectively, in this case. Both of these firms have substantial experience in the prosecution of shareholder, securities and other complex litgation, and have the resources necessary to efficiently conduct this litigation. Accordingly, the Court should approve Movant's selection of lead counsel.

### IV.  CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (i) appoint it as Lead Plaintiff in this action; and (ii) approve its selection of Shepherd, Finkelman, Miller & Shah, LLP and Karlberg & Associates PLLC to serve as Lead and Liaison Counsel.

Dated: June 27, 2011                KARLBERG & ASSOCIATES PLLC

s/  Kenneth L. Karlberg
KENNETH L. KARLBERG (SBN 18781)
KARLBERG & ASSOCIATES PLLC
851 Coho Way, Suite 308
Bellingham, WA 98225
Telephone:  (360) 255-7264
Facsimile:  (360) 483-4577
ken@karlberglaw.com

ERIC L. YOUNG
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
35 East State St.
Media, PA 19063
Telephone:  (610) 891-9880
Facsimile:  (610) 891-9883
eyoung@sfmslaw.com

| | |
|---|---|
| 1 | JAMES E. MILLER |
| | PATRICK A. KLINGMAN |
| 2 | KAREN M. LESER-GRENON |
| | SHEPHERD, FINKELMAN, MILLER & SHAH, LLP |
| 3 | 65 Main St. |
| | Chester, CT 06412 |
| 4 | Telephone: (860) 526-1100 |
| | Facsimile: (860) 526-1120 |
| 5 | jmiller@sfmslaw.com |
| | pklingman@sfmslaw.com |
| 6 | kleser@sfmslaw.com |
| 7 | ROSE F. LUZON |
| | SHEPHERD, FINKELMAN, MILLER & SHAH, LLP |
| 8 | 401 West A St., Suite 2350 |
| | San Diego, CA 92101 |
| 9 | Telephone: (619) 235-2416 |
| | Facsimile: (619) 234-7334 |
| 10 | rluzon@sfmslaw.com |
| 11 | Attorneys For Movant, |
| | Asbestos Workers, Local 14 Pension Fund |

- 9 -
NOTICE OF MOTION AND MOTION; SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES
Case No. 2:11-CV-00726-RSL