UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON MOOMJY,

    Plaintiff,

v.

HQ SUSTAINABLE MARITIME
INDUSTRIES, INC., *et al.*,

    Defendants.

Case No. C11-0726RSL

ORDER GRANTING
MOTIONS TO STAY
STATE COURT DISCOVERY

## I. INTRODUCTION

This matter comes before the Court on two motions – one filed by HQ Sustainable Maritime Industries, Inc. and one filed by the individual defendants – for a stay of discovery in a pending state court derivative action. The action in this Court was brought on behalf of all persons who purchased or otherwise acquired HQ's common stock between May 11, 2009 and April 1, 2011 (the "Class Period"), pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange

ORDER GRANTING MOTIONS TO
STAY STATE COURT DISCOVERY- 1

Commission Rule 10b-5.[1]

## II. DISCUSSION

**A.     Background Facts.**

This securities class action was filed on April 28, 2011. Shortly thereafter, six different groups of plaintiffs filed complaints asserting claims derivatively on behalf of the company against various directors and officers, two of whom are defendants in this action. Four of those cases have been consolidated before this Court. <u>Hopkins v. HQ Sustainable Maritime Industries, Inc.</u>, C11-910RSL. The other two actions were filed in King County Superior Court and consolidated under the caption <u>In re HQ Sustainable Maritime Indus., Inc. Derivative Litig.</u>, Civ. No. 11-2-16742-9-SEA (the "state court action").

In June 2011, the plaintiffs in the state court action ("plaintiffs") served their first requests for production. Approximately two weeks later, they served their first set of interrogatories. Both sets were served on the company and the individual defendants. Defendants moved for a stay of the state court discovery. On August 8, 2011, King County Superior Court Judge Kim Prochnau issued an order holding that the "court does not find good cause to stay discovery pending federal action or motions to dismiss this action," but "finds good cause to appoint a discovery master given complexity of action, multiplicity of actions and likely issues regarding discovery." Notice of Recent Ruling, (Dkt. #76), Ex. A. Only the state court plaintiffs have responded to and opposed defendants' motion for a discovery stay before this Court.

---

[1] Because this matter can be decided based on the parties' filings and the balance of the record, their request for oral argument is denied.

ORDER GRANTING MOTIONS TO
STAY STATE COURT DISCOVERY- 2

**B.     Analysis.**

The Private Securities Litigation Reform Act ("PSLRA") imposes a discovery stay in private federal securities litigation while a motion to dismiss is pending. 15 U.S.C. § 78u-4(b)(3)(B). In 1998, Congress enacted the Securities Litigation Uniform Standards Act ("SLUSA"), which empowered federal courts presiding over PSLRA cases to "stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or to effectuate its judgments." 15 U.S.C. § 78u-4(b)(3)(D). The purpose of the legislation was "to prevent plaintiffs from circumventing the stay of discovery under the [PSLRA] by using State court discovery, which may not be subject to those limitations in an action filed in State court." H.R. Rep. No. 105-640, at 17-18 (1998) (explaining that the House committee intended courts to use the provision "liberally") (quoted in In re Dot Hill Sys. Corp. Sec. Litig., 594 F. Supp. 2d 1150, 1165 (S.D. Cal. 2008)). Judge Prochnau did not reach the merits of the SLUSA motion.[2]

In determining whether to stay state court discovery, courts generally consider: (1) the risk of federal plaintiffs obtaining the state plaintiff's discovery, (2) the extent of factual and legal overlap between the state and federal actions, and (3) the burden of state-court discovery on defendants. In re Dot Hill, 594 F. Supp. 2d at 1165. Regarding the first issue, the focus is not whether the state court plaintiffs filed their action to evade the discovery stay. Rather, it "is whether some form of relevant discovery is likely to reach the federal plaintiffs during the pendency of a motion to dismiss in federal court." In re Cardinal Health, Inc. Sec. Litig., 365 F. Supp. 2d 866, 875 (S.D. Ohio 2005). In this

---

[2] This Court has the utmost respect for Judge Prochnau having been her colleague on the King County Superior Court. This Court does not take lightly a request to interfere with a state court matter. This is an unusual circumstance where justice requires it.

case, the risk is substantial. Plaintiffs do not dispute that much of the discovery they seek will be relevant to a motion to dismiss in this case. Although different counsel represents the state court plaintiffs, the state court plaintiffs are putative members of this federal securities class action. As such, their receipt of discovery "would violate the PLSRA."[3] In re Dot Hill, 594 F. Supp. 2d at 1167. Moreover, the state court plaintiffs profess to need the requested discovery to file a motion for injunctive relief, which would be filed and heard publicly. Id. (finding that the risk of disclosure was substantial where "discovery hearings, discovery orders, and perhaps a public trial are likely."). Although the state court plaintiffs insist that they would agree to a protective order, that promise is not dispositive and would have little effect if information is publicly aired. Id.; see also In re Cardinal Health, 365 F. Supp. 2d at 875-77 (staying discovery "despite the [signed] confidentiality agreement and the good faith efforts of State Plaintiff," in part because "this Court remains concerned that some form of discovery, whether it be a state court order resolving a discovery dispute or a public hearing, will reach Plaintiffs before this Court has decided any dismissal motion").

Finally, plaintiffs argue that they would be prejudiced by a stay because the delay could result in fading witness memories and similar difficulties. However, the delay is unlikely to be protracted. In addition, "prejudice is not a consideration under the SLUSA." In re Crompton Corp. Sec. Litig., 2005 U.S. Dist. LEXIS 41031 at * 10 (D. Conn. 2005). Therefore, the first factor weighs in favor of a stay.

Plaintiffs contend that the second factor weighs in their favor because their action

---

[3] The fact that the state court plaintiffs are also putative plaintiffs in this action means that they are not being forced to "stand aside" while other litigants settle a rule of law that affects their rights, which would militate against a stay. See, e.g., Landis v. North Am. Co., 299 U.S. 248, 255 (1936).

is derivative rather than a securities class action. However, because the SLUSA dictates that a court may stay discovery "in any private action in a State Court," "the focus should be on whether discovery in the state action will adversely affect a court's ability to decide a federal securities action, not whether the state claims mirror the federal claims." In re Gilead Sciences Sec. Litig., 2004 WL 3712008 at * 4 (N.D. Cal. 2004). The claims in both actions are premised on defendants' alleged misstatements. The factual allegations in the complaints are substantively identical. Undisputedly, the state court discovery would be useful to the plaintiffs in this action if they were to amend their complaint.[4] Therefore, if state court discovery is permitted, this Court's jurisdiction to rule on a motion to dismiss the federal claims, before any discovery has been conducted, could be circumvented.

Turning to the third factor, the Court evaluates the burden on defendants. Plaintiffs argue that the burden can be minimized through the use of a discovery special master in state court. However, the discovery requests seek extensive discovery, and plaintiffs have not offered any proposal for limiting it. Specifically, the demands comprise 57 document requests, many of which contain sub-parts, and 25 interrogatories on a broad range of topics. Requiring defendants to respond to them would be costly and disruptive to the company's business operations. That burden is not inevitable because if this Court grants a motion to dismiss, the ruling would likely moot the state court claims. In fact, in the state court action, plaintiffs are seeking to hold the directors and officers liable for any judgment that may be entered against, or costs incurred by, the corporation in this action. Because of the overlapping nature of the claims, absent a stay, defendants

---

[4] Although plaintiffs suggest that SLUSA's discovery stay is inapplicable to state derivative actions, courts have held otherwise. See, e.g., In re Dot Hill, 594 F. Supp. 2d at 1166 (citing cases).

ORDER GRANTING MOTIONS TO
STAY STATE COURT DISCOVERY- 5

would be forced to provide discovery related to plaintiffs' claims in this case while the PSLRA stay is in effect. That burden is "extreme[]" and it exists even if the discovery special master ultimately narrows the requests. See, e.g., Buettgen v. Harless, 2010 U.S. Dist. LEXIS 65529 at * 7 (N.D. Tex. 2010); In re Dot Hill, 594 F. Supp. 2d at 1166 (explaining that allowing the state court discovery to proceed "would impermissibly burden defendants, who need not participate in discovery regarding securities fraud claims until" after resolution of a motion to dismiss in the federal case); In re Crompton Corp., 2005 U.S. Dist. LEXIS 41031 at *11-12 ("Defendants would be extremely burdened if they had to produce virtually the same discovery [in a state action] that has been stayed pending this Court's resolution of the motion to dismiss this action prior to this Court's decision on that motion."). Therefore, all three factors weigh in favor of granting a stay to protect this Court's jurisdiction to rule on a motion to dismiss prior to discovery.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motions to stay discovery in the state court action (Dkt. ## 55, 57) until after this Court has ruled on defendants' anticipated motions to dismiss in this case.

Dated this 12th day of September, 2011.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTIONS TO
STAY STATE COURT DISCOVERY- 6