1

The Honorable Robert S. Lasnik

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

| | |
|---|---|
| JASON MOOMJY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HQ SUSTAINABLE MARITIME INDUSTRIES, INC., NORBERT SPORNS and JEAN-PIERRE DALLAIRE, *et al.*,<br><br>Defendants. | Case No. 2:11-cv-00726-RSL<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND CERTIFICATION OF PROPOSED SETTLEMENT CLASS** |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

# TABLE OF CONTENTS

Page(s)

I.     INTRODUCTION ................................................................................................ 1

II.    FACTUAL AND PROCEDURAL BACKGROUND.......................................... 1

    A.   Description of the Action.......................................................................... 1

    B.   Reasons for the Settlement........................................................................ 2

III.   ARGUMENT ...................................................................................................... 3

    A.   The Settlement Meets All the Criteria Necessary for this Court to Grant Preliminary Approval................................................................................ 3

    B.   The Settlement Agreement Resulted from Arm's-Length Negotiations .............. 5

    C.   The Stage of the Proceedings Supports Approval of the Settlement.................... 6

    D.   The Settlement Confers a Substantial Benefit ......................................... 7

    E.   The Class Should Be Certified for Settlement Purposes ........................ 7

        1.   Numerosity.................................................................................... 8

        2.   Commonality................................................................................. 8

        3.   Typicality ...................................................................................... 9

        4.   Adequacy ...................................................................................... 10

        5.   Common Questions of Law Predominate and a Class Action Is the Superior Method of Adjudication ................................................. 11

    F.   Submission of the Settlement to the Class Is Appropriate.................... 12

IV.    PROPOSED SCHEDULE ................................................................................ 13

V.     CONCLUSION................................................................................................ 14

MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL (11-726-RSL)

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alfus v. Pyramid Tech. Corp.*,
  764 F. Supp. 598 (N.D. Cal. 1991) ...................................................................9, 10

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ........................................................................................9

*Armstrong v. Bd. of Sch. Dirs.*,
  616 F.2d 305 (7th Cir. 1980) ........................................................................5, 7

*Blackie v. Barrack*,
  524 F.2d 891 (9th Cir. 1975) ........................................................................8, 9

*In re Cirrus Logic Sec.*,
  155 F.R.D. 654 (N.D. Cal. 1994) ..................................................................8

*Class Plaintiffs v. Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ......................................................................4

*Danis v. USN Commc'ns, Inc.*,
  189 F.R.D. 391 (N.D. Ill. 1999) ...................................................................10

*Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974) ..........................................................................4

*Dubin v. Miller*,
  132 F.R.D. 269 (D. Colo. 1990) ....................................................................10

*Eisenberg v. Gagnon*,
  766 F.2d 770 (3d Cir. 1985) ..........................................................................12

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
  MDL Docket No. 901, 1992 U.S. Dist. LEXIS 14337 (C.D. Cal. Jun. 10, 1992) ....................5

*Fisher Bros. v. Cambridge-Lee Indus., Inc.*,
  630 F. Supp. 482 (E.D. Pa. 1985) .................................................................5

*Girsh v. Jepson*,
  521 F.2d 153 (3d Cir. 1975) ..........................................................................6

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ......................................................................7, 10

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

ii

*Harris v. Palm Springs Alpine Estates, Inc.*,
  329 F.2d 909 (9th Cir. 1964) ............................................................................8

*In re: Intelcom Grp., Inc., Sec. Litig.*,
  169 F.R.D. 142 (D. Colo. 1996) ...............................................................10, 11

*In re: Inter-Op Hip Prosthesis, Liab. Litig.*,
  204 F.R.D. 359 (N.D. Ohio 2001) ....................................................................11

*Kirkorian v. Borelli*,
  695 F. Supp. 446 (N.D. Cal. 1988) ....................................................................5

*Lerwill v. Inflight Motion Pictures, Inc.*,
  582 F.2d 507 (9th Cir. 1978) ............................................................................10

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982) .........................................................................4, 6

*Perez-Funez v. Dist. Dir., Immigration & Naturalization Serv.*,
  611 F. Supp. 990 (C.D. Cal. 1984) ....................................................................8

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson, Inc.*,
  390 U.S. 414 (1968) ...........................................................................................6

*Reed v. Gen. Motors Corp.*,
  703 F.2d 170 (5th Cir. 1983) .............................................................................5

*Schwartz v. Harp*,
  108 F.R.D. 279 (C.D. Cal. 1985) ......................................................................8

*Wehner v. Syntex Corp.*,
  117 F.R.D. 641 (N.D. Cal. 1987) ...................................................................8, 9

*Weinberger v. Kendrick*,
  698 F.2d 61 (2d Cir. 1982) .............................................................................5, 6

*In re Wireless Facilities, Inc. Sec. Litig.*,
  253 F.R.D. 630 (S.D. Cal. 2008) .......................................................................9

**STATUTES**

15 U.S.C. § 78u-4(a)(7)(A)-(F) .........................................................................12

**OTHER AUTHORITIES**

1 Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 3.22 (2d ed. 1985) .................................10

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

iii

Alba Conte & Herbert Newberg, NEWBERG ON CLASS ACTIONS, § 8.2 (4th ed. 2002).................12

Fed. R. Civ. P. 23 ...........................................................................................................................7

Fed. R. Civ. P. 23(c)(2)(B) .........................................................................................................12

James Wm. Moore, *Moore's Federal Practice* (3d ed. 2001) .......................................................4

*Manual for Complex Litigation*, § 30.41 (3d ed. 1995) ...............................................................3

*Manual for Complex Litigation*, § 21.633 (4th ed. 2004) ............................................................7

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

iv

1    Lead Plaintiff Trigon Emerging Agri-Sector Fund ("Lead Plaintiff") respectfully submits

2    this Memorandum of Law in support of its unopposed motion for entry of an order (i) granting

3    preliminary approval of the proposed settlement set forth in the Stipulation of Settlement dated

4    September 28, 2012 (the "Stipulation"); (ii) certifying the proposed Class for purposes of

5    settlement; (iii) approving the form and manner of giving notice of the proposed Settlement to

6    the Class[1]; and (iv) setting a hearing date for final approval of the Settlement and its terms,

7    including the proposed Plan of Allocation (the "Settlement Hearing").[2]

8    **I.    INTRODUCTION**

9        The proposed Settlement submitted to the Court for preliminary approval provides for the

10    payment of Two Million Seven Hundred and Fifty Thousand Dollars ($2,750,000) in cash (the

11    "Settlement Fund") for the benefit of the Class.  As discussed in detail below, Lead Plaintiff and

12    its counsel Cohen Milstein Sellers & Toll PLLC ("Lead Counsel") submit that the proposed

13    Settlement is in the best interests of the Class and represents a significant recovery, particularly

14    in light of the risks of litigation.  Accordingly, Lead Plaintiff respectfully moves for preliminary

15    approval and submits this Memorandum of Law in support of the proposed Settlement.

16    **II.    FACTUAL AND PROCEDURAL BACKGROUND**

17        **A.  Description of the Action**

18        On April 28, 2011, the above-captioned class action (the "Action") was filed against

19    defendants HQSM, Norbert Sporns, and Jean-Pierre Dallaire in the United States District Court

20    for the Western District of Washington alleging violations of the federal securities laws.  On

21    September 12, 2011, this Court appointed the Trigon Fund as Lead Plaintiff and appointed

---

[1] The Class is defined as all persons or entities who either (1) acquired the common stock of HQSM, issued pursuant or traceable to the June 2009 or August 2010 offerings (the "Offerings"); and/or (2) purchased or otherwise acquired the common stock of HQSM, from May 12, 2009 through and including April 1, 2011.  Excluded from the Class are the Defendants; any officers or directors of the Defendants during or after the Class Period; any corporation, trust, or other entity in which any Defendant has a controlling interest; the members of the immediate families of Norbert Sporns, Jean-Pierre Dallaire, or Lillian Wang Li (the "Individual Defendants") or their successors, heirs, assigns, and legal representatives; and venture capital firms, and any of their principals.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

[2] Unless otherwise noted, all capitalized terms are defined in the Stipulation.

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1

1  Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel and Keller Rohrback

2  L.L.P. as Liaison Counsel for the Class.

3      On November 22, 2011, Lead Plaintiff filed its Class Action Complaint (the

4  "Complaint") asserting claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934

5  (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder

6  by the United States Securities and Exchange Commission (the "SEC"), and under §§ 11, 12, and

7  15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o, against the Defendants.  The

8  Complaint alleged that the Defendants disseminated (or controlled those who disseminated)

9  materially false and misleading statements as part of a fraudulent scheme to inflate HQSM's key

10  financial metrics, including revenue and cash on hand; quashed attempts by the auditor and the

11  Company's Audit Committee to investigate; and lied to regulators about their efforts to block the

12  independent investigation.

13      On February 7, 2012, Defendants filed motions to dismiss the Complaint.  The Court

14  granted the Parties' stipulations to extend time to file briefing on the motions to dismiss in light

15  of settlement progress.  On April 24, 2012, the Parties participated in a formal mediation

16  conducted by mediator Mr. Jed D. Melnick.  As a result of the mediation, the Parties reached a

17  memorandum of understanding on the resolution of this Action.  Today, September 28, 2012, the

18  Parties have executed the Stipulation of Settlement, filed herewith.

19          **B.  Reasons for the Settlement**

20      Lead Plaintiff, by and through Lead Counsel, engaged in substantial arm's length

21  negotiations with counsel for Defendants in order to reach the Settlement.  This not only

22  included the formal mediation session presided over by an experienced mediator, but also many

23  informal discussions.  All of this work ultimately led to the Settlement now proposed.  Lead

24  Plaintiff has conducted a thorough investigation of Plaintiff's allegations, which included, *inter*

25  *alia*: (i) review of publicly-available documents, conference calls, and announcements made by

26  Defendants; (ii) review of information regularly obtainable on the Internet; (iii) interviews with

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

2

several witnesses, including a lengthy interview with a confidential witness; and (iv) research of the applicable law with respect to the claims asserted in the Action and the potential defenses thereto.   Consequently, Lead Plaintiff has entered into this Settlement with an in-depth understanding of the strengths and weaknesses of Plaintiff's claims and the damages allegedly suffered by the Class, as well as the details and viability of the defenses put forward by the Defendants.   The Settlement represents a substantial all-cash fund for the Class and will eliminate the significant risk that continued litigation might result in a smaller recovery or possibly no recovery at all.

Although Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs, they have agreed to the Settlement for the reasons set forth in the Stipulation.

Based upon the foregoing, Lead Plaintiff and Lead Counsel submit that the Settlement is fair, adequate, and reasonable and that it warrants preliminary approval by the Court.

## III.   ARGUMENT

### A.  The Settlement Meets All the Criteria Necessary for this Court to Grant Preliminary Approval

According to the *Manual for Complex Litigation*, the process for approving a class action settlement

> involves a two-step process.  First, counsel submit the proposed terms of the settlement and the court makes a preliminary fairness evaluation . . . . If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies . . . the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

§ 30.41 (3d ed. 1995).

Lead Plaintiff requests that the Court take the first step in the process, and preliminarily approve the proposed Settlement and allow Notice of it and a final approval hearing to be sent to Class Members.   Lead Plaintiff asks the Court to enter the proposed Order for Notice and

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

3

1  Hearing ("Notice Order"), attached as Exhibit A to the Settlement Stipulation separately

2  submitted herewith.

3        Under Rule 23(e) of the Federal Rules of Civil Procedure, before a class action may be

4  dismissed or compromised, notice of the proposed dismissal or compromise must be given in the

5  manner directed by the court, and judicial approval must be obtained.  The issue of whether a

6  proposed settlement should be approved is within the district court's sound discretion, which

7  should be exercised in the context of public policy strongly favoring the pretrial settlement of

8  class action lawsuits.  *See Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992);

9  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

10        Preliminary approval does not require the Court to make a final determination that a

11  settlement is fair, reasonable, and adequate.  Rather, that decision is made only at the final

12  approval stage, after notice of the settlement has been given to class members.  *See* 5 James Wm.

13  Moore, *Moore's Federal Practice* ¶ 23.83[1] (3d ed. 2001).  In considering a potential

14  settlement, the Court need not reach any ultimate conclusions on the issues of fact and law that

15  underlie the merits of the dispute, *Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974),

16  and need not engage in a trial on the merits.  *Officers for Justice*, 688 F.2d at 625.  Preliminary

17  approval of a settlement should be granted if the proposed settlement falls within the range of

18  what could be found "fair, adequate and reasonable" so that notice may be given to the proposed

19  class and a hearing for final approval can be scheduled.  *Id.*; *Class Plaintiffs*, 955 F.2d at 1276.

20        As outlined in the proposed Notice Order, if preliminary approval is granted, Lead

21  Plaintiff will notify Class Members of the Settlement by mailing the Notice and Proof of Claim

22  to them.  The Notice advises Class Members of the essential terms of the Settlement, of

23  information regarding Lead Counsel's fee and expense application, and of the proposed plan for

24  allocating the Settlement proceeds among Class Members.  It also sets forth the procedure for

25  objecting to the Settlement or opting out of the Class, and notifies Class Members of the date,

26

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

4

1  time, and place of the Settlement Hearing.  The proposed Notice plan also requires that Lead

2  Plaintiff publish the Summary Notice.

3           For the reasons set forth below, preliminary approval of the Settlement should be granted

4  because it is well within the range of possible approval.

5           **B.  The Settlement Agreement Resulted from Arm's-Length Negotiations**

6           An initial presumption exists that a proposed settlement is fair and reasonable when it is

7  the result of arm's-length negotiations.  This Settlement is the result of arm's-length negotiations

8  by experienced counsel and was reached only after Plaintiff's Counsel diligently prosecuted the

9  claims of the Class.  Based upon Plaintiff's Counsel's familiarity with the factual and legal issues

10  of this Action, the investigation they performed, and their work preparing for and participating in

11  the mediation, and urging their positions on the mediator and Defense Counsel, they were

12  ultimately able to negotiate a very good result for the Class.  This result also takes into account

13  the defenses of Defendants, and the risks that the Action might not survive a motion for

14  summary judgment or that Lead Plaintiff would not prevail at trial or upon appeal.

15           Courts recognize that the opinion of experienced counsel supporting the settlement is

16  entitled to considerable weight.  *See, e.g., In re First Capital Holdings Corp. Fin. Prods. Sec.*

17  *Litig.*, MDL Docket No. 901, 1992 U.S. Dist. LEXIS 14337, at *8 (C.D. Cal. Jun. 10, 1992)

18  (finding belief of counsel that the proposed settlement represented the most beneficial result for

19  the class to be a compelling factor in approving settlement).[3]  Here, Lead Counsel (and all of

20  Plaintiff's Counsel) have extensive experience in securities litigation, and believe that this

21  Settlement is fair, reasonable, and adequate in light of the circumstances of this Action.

22           The question of whether a proposed settlement is fair, reasonable, and adequate

23  necessarily requires a judgment and evaluation by the attorneys for the parties based upon a

24  comparison of "'the terms of the compromise with the likely rewards of litigation.'"

25

26  ────────────

[3] *See also Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983); *Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1982); *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 325 (7th Cir. 1980); *Fisher Bros. v. Cambridge-Lee Indus., Inc.*, 630 F. Supp. 482, 489 (E.D. Pa. 1985).

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

5

*Weinberger*, 698 F.2d at 73 (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson, Inc.*, 390 U.S. 414, 424-25 (1968)).  An evaluation of the costs and benefits of settlement must also be tempered by a recognition that any compromise involves concessions on the part of all of the settling parties.  Indeed, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624 (citation omitted).  Here, $2,750,000 has been obtained for the Class, early in litigation, and the Settlement allows the Class Members to receive benefits now and completely avoid the delay that would come form continued litigation.  In addition, there is no certainty, given Defendants' plans to assert various defenses, that Lead Plaintiff would prevail at trial (after the extended motion practice that would be expected, including on motions to dismiss and for summary judgment).  The proposed Settlement eliminates these and many other risks of continued litigation.

### C.  The Stage of the Proceedings Supports Approval of the Settlement

"'[T]he stage of the proceedings'" is another factor considered by courts when determining the fairness of a settlement.  *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (citation omitted).  Here, prior to filing the Complaint, Lead Counsel conducted a thorough investigation of the facts and circumstances, which included, *inter alia*: (i) review of publicly available documents, conference calls, and announcements made by Defendants; (ii) review of information regularly obtainable on the Internet; (iii) interviews with several witnesses including a lengthy interview with a confidential witness; and (iv) research of the applicable law with respect to the claims asserted in the Action and the potential defenses thereto.  There can be no question that at the time the Settlement was reached, Lead Counsel had a clear view of the strengths and weaknesses of the Class' claims.

The proposed Settlement is the product of serious, informed, non-collusive negotiations, and well within the range of possible approval and does not have any obvious deficiencies.  Therefore, preliminary consideration of the applicable factors for granting final approval of class

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

6

action settlements lends support to Lead Plaintiff's belief that this settlement is well "within the range of possible approval." *Armstrong*, 616 F.2d at 310.

### D.  The Settlement Confers a Substantial Benefit

Under the terms of the Settlement, Defendants have agreed to create a fund consisting of $2.75 million in cash to be allocated among Class Members after deduction for Court-approved fees and expenses.  This is a significant recovery, particularly in light of the risks of continued litigation.  If the litigation had continued, Lead Plaintiff faced substantial risks, including the Company's liquidity risk and the possibility of financial instability, establishing Defendants' liability and the Class' full amount of damages at summary judgment or trial.  Further, continued litigation would result in significant expense and risk.  This recovery, obtained in the face of the real risk of no recovery at all, particularly supports approval of the Settlement.

### E.  The Class Should Be Certified for Settlement Purposes

The preliminary approval process is also utilized to certify a settlement class when a class has not previously been certified by the court.  The Ninth Circuit has long recognized that class actions may be certified for the purpose of settlement only.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  Classes for the purpose of settlement are recognized under the general scheme of Rule 23, provided that the class is eventually determined to meet the certification requirements under Rule 23.  *Id.*  Rule 23(a) sets forth four prerequisites to class certification:  (i) numerosity;  (ii) commonality;  (iii) typicality;  and (iv) adequacy of representation.  In addition, the class must meet one of the three requirements of Rule 23(b).  *See* Fed. R. Civ. P. 23.; *see also Manual for Complex Litigation*, § 21.633 (4th ed. 2004).  Here, the proposed Class is defined in the Stipulation as: "all persons or entities who either (1) acquired the common stock of HQSM, issued pursuant or traceable to the June 2009 or August 2010 offerings (the "Offerings"); and/or (2) purchased or otherwise acquired the common stock of HQSM, from May 12, 2009 through and including April 1, 2011."  Stipulation, at ¶ 1(c).

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

7

1       Generally, courts have found securities claims to be particularly well-suited for class

2  action status because they allow for the policies behind the securities laws to be enforced in

3  circumstances where there are numerous investors with small individual claims that otherwise

4  would effectively be barred from litigation.  *See Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir.

5  1975).  This Action is no exception and, as explained below, the Class satisfies each of the

6  requirements set forth above.

### 1.  Numerosity

8       Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is

9  impracticable.   The Ninth Circuit has stated that "'impracticability' does not mean

10  'impossibility,' but only the difficulty or inconvenience of joining all members of the class."

11  *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation

12  omitted).  Indeed, classes consisting of 25 members have been held to be large enough to justify

13  certification.  *See Perez-Funez v. Dist. Dir., Immigration &  Naturalization Serv.*, 611 F. Supp.

14  990, 995 (C.D. Cal. 1984); *see also In re Cirrus Logic Sec.*, 155 F.R.D. 654, 656 (N.D. Cal.

15  1994).  Additionally, the exact size of the class need not be known so long as general knowledge

16  and common sense indicate that the class is large.  *See Cirrus Logic*, 155 F.R.D. at 656; *see also*

17  *Schwartz v. Harp*, 108 F.R.D. 279, 281-82 (C.D. Cal. 1985) ("A failure to state the exact number

18  in the proposed class does not defeat class certification, and plaintiff's allegations plainly suffice

19  to meet the numerosity requirement of Rule 23.") (citations omitted).

20       Here, millions of shares of HQSM stock were traded during the Class Period.   In

21  addition, beneficial holders of HQSM common stock are believed to number in the thousands

22  and are geographically located throughout the United States, making joinder of all Class

23  Members impracticable.  Thus, the numerosity element is satisfied.

### 2.  Commonality

25       Rule 23(a)(2) is satisfied where the proposed class representatives share at least one

26  question of fact or law with the claims of the prospective class.  *Wehner v. Syntex Corp.*, 117

---

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

8

F.R.D. 641, 644 (N.D. Cal. 1987).   Further, there may be varying fact situations among individual members of the class as long as the claims of the plaintiff and other class members are based on the same legal or remedial theory.  *Blackie*, 524 F.2d at 902.  Here, questions that are common to the proposed Class include, among others:

(i)     whether the federal securities laws were violated by Defendants' alleged acts;

(ii)    whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the finances, business, and operations of HQSM;

(iii)   whether the price of HQSM common stock was artificially inflated during the Class Period; and

(iv)   to what extent the members of the Class have sustained damages and the proper measure of such damages.

Securities actions containing common questions such as the ones listed above have repeatedly been held to be prime candidates for class certification.  In short, because the core complaint of all Class Members is that they purchased and/or acquired HQSM common stock at artificially inflated prices, and suffered damages as a result of the alleged securities violations, the commonality requirement of Rule 23(a)(2) is satisfied.  *See In re Wireless Facilities, Inc. Sec. Litig.*, 253 F.R.D. 630, 635 (S.D. Cal. 2008) (finding "core issue" in a securities litigation to be plaintiffs' "acquisition of [defendant's] common stock at artificially inflated prices").

### 3.   Typicality

The typicality requirement of Rule 23(a)(3) is satisfied when the claims or defenses of the party or parties representing the class are typical of the claims or defenses of the other class members.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (common-issues test readily met in securities cases).  However, differences in the amount of damages, the size or manner of purchase, the nature of the purchaser, and the date of purchase are insufficient to defeat class certification. *See Alfus v. Pyramid Tech. Corp.*, 764 F. Supp. 598, 606 (N.D. Cal.

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

9

1991).  In other words, typicality exists "even where factual distinctions exist between the claims of the named representative and the other class members."  *Danis v. USN Commc'ns, Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  The typicality requirement recognizes that a class representative "with claims typical of the class will, in pursuing and defending his own self interest in the litigation, be concomitantly advancing or defending the interests of the class." *Dubin v. Miller*, 132 F.R.D. 269, 274 (D. Colo. 1990) (citing 1 Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 3.22, at 199 (2d ed. 1985)).

Here, Lead Plaintiff's and Class Members' claims arise from the same alleged conduct by Defendants.  Lead Plaintiff alleges that, like the other members of the Class, it purchased and/or acquired HQSM common stock at prices that were inflated because Defendants, in violation of the federal securities laws, issued false and materially misleading statements and/or omissions during the Class Period.  The proof(s) that Lead Plaintiff would present to establish its claims would also prove the claims of the rest of the Class.  *In re: Intelcom Grp., Inc., Sec. Litig.*, 169 F.R.D. 142, 149 (D. Colo. 1996) (finding typicality in securities class action where major issue presented was "whether the Defendants have violated the federal securities laws").  Further, Lead Plaintiff is not subject to any unique defenses that could make it an atypical member of the Class.  Therefore, Lead Plaintiff respectfully submits that the Court should find that its claims are typical of the claims of the Class.

### 4.  Adequacy

A representative party satisfies Rule 23(a)'s adequacy requirement by showing that it will fairly and adequately protect the interests of the class.  To satisfy this requirement, the proposed class representative must be free of interests that are antagonistic to the other members of the class, and counsel representing the class must be qualified, experienced, and capable of conducting the litigation.  *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) (citation omitted); *Hanlon*, 150 F.3d at 1020.

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

10

Here, as described above, Lead Plaintiff has claims that are typical of and coextensive with those of the Class.  Lead Plaintiff, like all Class Members, purchased or otherwise acquired HQSM common stock at artificially inflated prices during the Class Period as a result of the Defendants' alleged materially false and misleading statements and/or omissions, and was allegedly damaged thereby.  Further, Lead Plaintiff has retained counsel highly experienced in securities class action litigation, who have successfully prosecuted many securities and other complex class actions throughout the United States.  Thus, Lead Plaintiff is an adequate representative of the proposed Class, and its counsel is qualified, experienced, and capable of prosecuting this action, in satisfaction of Rule 23(a)(4).

### 5. Common Questions of Law Predominate and a Class Action Is the Superior Method of Adjudication

Finally, in addition to the four requirements of Rule 23(a), a class must also satisfy one of the three subparts of Rule 23(b).  Here, little question exists that a class action is superior to other available methods for litigation of the claims asserted here, as required by Rule 23(b)(3).  To ensure that the class action is more efficient than individual actions, Rule 23(b) requires that common issues predominate over issues that are particular to a class representative.  Generally, common questions will predominate if the common issue constitutes a significant part of each of the class members' individual cases.  "[C]ommon issues need only predominate, not outnumber individual issues."  *In re: Inter-Op Hip Prosthesis, Liab. Litig.*, 204 F.R.D. 359, 374-75 (N.D. Ohio 2001).  Further, "the superiority of class actions in large securities fraud [matters] is well recognized."  *Intelcom*, 169 F.R.D. at 149.

The predominance test is met in this Action: the same set of operative facts and a single proximate cause applies to each Class Member.  Further, the fact that a class action is the superior method to efficiently and effectively pursue the claims alleged here is shown by the fact that if Lead Plaintiff and each of the Class Members were to bring individual actions, they each would be required to prove the same wrongdoing by Defendants to establish liability.  *See*

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**Keller Rohrback l.l.p.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**Cohen Milstein Sellers & Toll PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

11

1  *Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir. 1985) (class actions are a particularly
2  appropriate and desirable means to resolve claims based on securities laws).

3        In light of the foregoing, all of the requirements of Rule 23(a) and (b) are satisfied.  Thus,
4  there are no issues that prevent the Court from certifying the proposed Class for settlement
5  purposes and appointing Lead Plaintiff as the class representative.

6        **F.  Submission of the Settlement to the Class Is Appropriate**

7        Rule 23 requires that notice of a settlement be "the best notice practicable under the
8  circumstances, including individual notice to all members who can be identified through
9  reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  *See also* Alba Conte & Herbert Newberg,
10  NEWBERG ON CLASS ACTIONS, § 8.2 at 162-65 (4th ed. 2002).  In addition, the PSLRA imposes
11  its own requirements for notice: it must state (i) the amount of the settlement proposed to be
12  distributed to the parties to the action, determined in the aggregate and on an average per-share
13  basis; (ii) if the parties do not agree on the average amount of damages per share that would be
14  recoverable in the event Lead Plaintiff prevailed, a statement from each settling party concerning
15  the issue(s) on which the parties disagree; (iii) a statement indicating which parties or counsel
16  intend to make an application for an award of attorneys' fees and costs (including the amount of
17  such fees and costs determined on an average per-share basis), and a brief explanation supporting
18  the fees and costs sought; (iv) the name, telephone number, and address of one or more
19  representatives of counsel for the plaintiff class who will be reasonably available to answer
20  questions concerning any matter contained in the notice of settlement published or otherwise
21  disseminated to the class; (v) a brief statement explaining the reasons why the parties are
22  proposing the settlement; and (vi) such information as may be required by the Court.  *See* 15
23  U.S.C. § 78u-4(a)(7)(A)-(F).

24        As detailed in the proposed Notice Order, Lead Counsel and the Claims Administrator
25  propose to mail copies of the Notice of Proposed Settlement of Class Action, Motion for
26  Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing (the "Notice")

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

12

and the Proof of Claim and Release (which together meet each of the requirements described in the above paragraph) by first class mail to all persons and entities who appear in the purchase and/or transfer records of HQ Sustainable Maritime Industries, Inc. ("HQSM") between May 12, 2009 and April 1, 2011, inclusive (the "Class Period").  In addition, Lead Counsel intends to publish a summary notice once in *The Investor's Business Daily* and provide a link to the Notice and the Proof of Claim and Release form on the Settlement Administrator's website.  Lead Counsel also intends to mail copies of the Notice to the largest banks and brokerage houses requesting that the Notice be sent to all persons and entities for whom they acted as nominee purchaser of HQSM common stock.  The proposed notice program fulfills the requirements of due process because the proposed Notice alerts and informs those members of the Class who can be identified through reasonable efforts of all of the information set forth above.

## IV. PROPOSED SCHEDULE

If the Court grants preliminary approval to the proposed Settlement, the Parties respectfully submit the following procedural schedule for the Court's review:

| Event | Time for Compliance |
| --- | --- |
| Date by which the Claims Administrator shall cause a copy of the Notice and the Proof of Claim to be mailed by first class mail to all Class Members who can be identified with reasonable effort (the "Notice Date") | 30 calendar days after the Court's entry of the Order for Notice and Hearing |
| Deadline for publishing Summary Notice in *The Investor's Business Daily* | 10 calendar days after the Notice Date (Order for Notice and Hearing, ¶ 11) |
| Deadline for Filing Proofs of Claim | 150 calendar days following the Notice Date (Order for Notice and Hearing, ¶ 15) |
| Filing of memoranda in support of approval of the Settlement and Plan of Allocation and in support of Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of expenses | 21 days before the Settlement Fairness Hearing (Order for Notice and Hearing, ¶ 19) |
| Deadline for filing Exclusion Requests or Objections; both to be received by the Claims Administrator and Lead Counsel by this date | Not later than 14 calendar days before the Settlement Fairness Hearing (Order for Notice and Hearing, ¶ 14) |
| Filing of memoranda in response to any objections to the Settlement | 7 days before the Settlement Fairness Hearing (Order for Notice and Hearing, ¶ 20) |

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

13

| Settlement Fairness Hearing | Approximately 120 days following execution of the Order for Notice and Hearing, or later at the Court's convenience (Order for Notice and Hearing, ¶ 5) |
|---|---|

Certain of the events set forth above are tied to the date on which the Settlement Fairness Hearing will be held; Lead Plaintiff respectfully requests that it be scheduled for approximately 120 days after the entry of the proposed Order for Notice and Hearing.  If this schedule is not convenient for the Court, Lead Counsel requests that the Court use at least the same or greater intervals between each event listed in the proposed schedule to provide all Parties sufficient time to comply with the proposed Order for Notice and Hearing and to provide Class Members with sufficient time to review the terms of the Settlement, consider their options and act accordingly.

## V.    CONCLUSION

For all of the above reasons, Lead Plaintiff respectfully requests that its unopposed Motion for Preliminary Approval of Settlement and Certification of Proposed Settlement Class be approved.

DATED this 28th day of September, 2012    KELLER ROHRBACK L.L.P.

*/s/ Elizabeth A. Leland*
Lynn Lincoln Sarko, WSBA # 16569
Juli E. Farris, WSBA # 17593
Elizabeth A. Leland, WSBA # 23433
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  (206) 623-1900
lsarko@kellerrohrback.com
jfarris@kellerrohrback.com
bleland@kellerrohrback.com

***Liaison Counsel for the Proposed Class***

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COHEN MILSTEIN SELLERS & TOLL PLLC
Steven J. Toll
Julie G. Reiser, WSBA # 27485
S. Douglas Bunch
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Telephone:  (202) 408-4600
stoll@cohenmilstein.com
jreiser@cohenmilstein.com

***Lead Counsel for the Proposed Class***

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on September 28, 2012, I electronically filed the foregoing paper

3  with the Clerk of the Court using the ECF system which will send notification of such filing to

4  the following ECF participants:

5  Andrea Delgadillo Ostrovsky      aostrovsky@yarmuth.com, sstephens@yarmuth.com

6

7  Brian Weinstein (Terminated)     brian@weinsteincouture.com, briandw@comcast.net

8  Dan Drachler     ddrachler@zsz.com

9  Elizabeth Ann Leland     bleland@kellerrohrback.com, dwilcher@kellerrohrback.com

10 Erin Maura Riley     eriley@kellerrohrback.com, chopkins@kellerrohrback.com

11
   James P Savitt     jsavitt@jetcitylaw.com, asayson@jetcitylaw.com, dcolvin@jetcitylaw.com,
12 dpeters@jetcitylaw.com, mgranger@jetcitylaw.com, tcowden@jetcitylaw.com

13 Jeremy E Roller     jroller@yarmuth.com, smeyer@yarmuth.com

14 Juli E. Farris     jfarris@KellerRohrback.com, lbachmann@kellerrohrback.com

15 Julie Goldsmith Reiser     jreiser@cohenmilstein.com

16
   Karl Phillip Barth     karlb@hbsslaw.com, dawn@hbsslaw.com, shelbys@hbsslaw.com
17
   Kenneth Lee Karlberg     ken@karlberglaw.com
18
19 Lynn Lincoln Sarko     lsarko@kellerrohrback.com, cengle@kellerrohrback.com

20 Marc D Ashley     mashley@chadbourne.com

21 Marcelo Blackburn     mblackburn@chadbourne.com

22
   Mary K. Blasy     mblasy@scott-scott.com, efile@scott-scott.com
23
   Michael D Handler     mhandler@cozen.com, mstone@cozen.com
24
25 Peter M. Ryan     pryan@cozen.com, kduffy@cozen.com

26 Robert W Hayes     rhayes@cozen.com, egomez@cozen.com, sgerhard@cozen.com

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

16

1  Stephen L. Brodsky    sbrodsky@zsz.com

2  Steve W. Berman    steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

3  Steven J Toll    stoll@cohenmilstein.com, efilings@cohenmilstein.com

4  Thomas J. McCormack    tmccormack@chadbourne.com

5  William R Spurr    bill@williamrspurr.com

6

7                                  /s/ Elizabeth A. Leland_____
8                                  Elizabeth A. Leland

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL (11-
726-RSL)

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

17