# EXHIBIT A-1

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON MOOMJY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>HQ SUSTAINABLE MARITIME INDUSTRIES, INC., NORBERT SPORNS and JEAN-PIERRE DALLAIRE, *et al.,*<br><br>Defendants. | Case No. 2:11-cv-00726-RSL<br><br>CLASS ACTION<br><br>**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES AND SETTLEMENT FAIRNESS HEARING** |

*IF YOU PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF HQ SUSTAINABLE MARITIME INDUSTRIES, INC. ("HQSM") BETWEEN MAY 12, 2009 AND APRIL 1, 2011, INCLUSIVE, OR IF YOU ACQUIRED COMMON STOCK OR WARRANTS TO PURCHASE COMMON STOCK OF HQSM IN OR TRACEABLE TO SECURITIES OFFERINGS IN 2009 OR 2010, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT, AND YOUR RIGHTS WILL BE AFFECTED BY IT.*

**A federal court authorized this Notice. This is not a solicitation from a lawyer.**

**Securities and Time Period:** HQ Sustainable Maritime Industries, Inc. ("HQSM") common stock purchased or otherwise acquired between May 11, 2009 and April 1, 2011 inclusive (the "Class Period") and/or common stock or warrants to purchase common stock of HQSM issued pursuant to traceable to the HQSM's offerings in June 2009 or August 2010 ("the Offerings").

**Settlement Fund:** $2,750,000 in cash. Your recovery will depend on the number of shares of common stock that you purchased and the timing of your purchase, and any sales. Depending on the number of eligible shares of common stock that participate in the Settlement and when that common stock was purchased and sold, the estimated average recovery per share of common stock will be approximately $0.45 before deduction of Court-approved fees and expenses.

- 1 -

**The Lawsuit:** The Settlement resolves class action litigation over whether HQSM and certain of its current and former executive officers and directors (Norbert Sporns, Jean-Pierre Dallaire, and Lillian Wang Li) made false and misleading statements during the Class Period, and whether or not the underwriters of the Offerings, Roth Capital Partners LLC and Ladenburg Thalmann & Co., have liability under Sections 11 or 12 of the Securities Act of 1933.

**Attorneys' Fees and Expenses:** Plaintiff's Counsel have litigated this Action on a contingent basis. They have conducted this litigation and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund. This is customary in this type of litigation. Lead Counsel will apply to the Court for attorneys' fees not to exceed 25% of the $2.75 million Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $100,000 (exclusive of ongoing costs of the administration of the Settlement), plus interest, all to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $0.13.

Deadlines:

    Submit Claim:    Postmarked not later than _____

    Request Exclusion:    Received no later than _____

    File Objection:    Received no later than _____

    Court Hearing on Fairness of Settlement:    _____

For More Information:

Claims Administrator:

Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063
Telephone: (866) 274-4004
Facsimile: (610) 565-7985

Plaintiff's Lead Counsel:

Steven J. Toll, Esq.
Julie G. Reiser, Esq.
S. Douglas Bunch, Esq.
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

**<u>Your legal rights are affected whether you act or do not act.  Read this Notice carefully.</u>**

**Statement of Recovery**

Lead Plaintiff's Expert estimates that approximately 6.115 million shares of HQSM common stock were traded and allegedly damaged during the Class Period.  Lead Plaintiff estimates that the average recovery per share of HQSM common stock under the Settlement will be $0.45 per share before the deduction of attorney's fees, costs, and expenses, as approved by the Court.  The actual recovery per share will depend on: (1) the number of claims filed; (2) when Class Members purchased or otherwise acquired their shares during the Class Period; (3) whether Class Members either sold their shares during the Class Period, or held their shares past the end of the Class Period; (4) administrative costs, including the costs of notice; and (5) the amount awarded by the Court for attorney's fees, costs, and expenses.  Distributions to Class Members will be made based on the Plan of Allocation set forth in this Notice.  *See* the Plan of Allocation on pages 8-11.

**The Circumstances of the Settlement**

The principal reason for Lead Plaintiff's consent to the Settlement is to provide a benefit to the Class Members now.  This benefit must be compared to the risk that no recovery might be achieved after contested motions, a contested trial, and likely appeals, possibly years into the future.  While Lead Counsel were prepared to go to trial and were confident in their ability to present a case, they recognize that a trial is a risky proposition and that Lead Plaintiff and the Class might not have prevailed.  The claims advanced by the Class involve numerous complex legal and factual issues, requiring extensive expert testimony, which would add considerably to the expenses and duration of the litigation.  Lead Counsel recognize that there are substantial obstacles that Lead Plaintiff and the Class would have had to overcome to prevail on their liability claims.  For example, Lead Plaintiff faced a possibility that some or all of Lead Plaintiff's claims could have been resolved against them before trial.  Had the case gone to trial, Defendants would have asserted that HQSM's revenue recognition practices were fully and adequately disclosed and that the statements that Defendants made about HQSM's business were accurate and not false or misleading when made.  Defendants also would have asserted that none of them acted with intent to deceive or recklessness, which is a required element for some of Lead Plaintiff's claims.

In addition, the Parties disagreed on numerous other issues that could affect the outcome of the litigation.  The issues on which the Parties disagreed include but are not limited to:  (1)  the amount by which any HQSM common stock was allegedly artificially inflated (if at all) during the relevant time period; (2) the extent to which the various statements made by Defendants, which Lead Plaintiff alleged were materially false or misleading, influenced (if at all) the trading prices of HQSM common stock at various times during the relevant time period; (3) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were not disclosed to the public influenced (if at all) the trading prices of HQSM common stock at various times during the Class Period; and (4) whether the statements made or facts allegedly

omitted were false, misleading, material or otherwise actionable under the federal securities laws.

In the face of these risks, this Settlement enables the Class to recover a substantial amount now. As a result, Lead Plaintiff and Lead Counsel believe this Settlement is fair and reasonable and provides a reasonable recovery to the Class.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

**SUBMIT A CLAIM FORM** – The only way to receive a payment.

**EXCLUDE YOURSELF** – Receive no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants or the Released Parties concerning the legal claims being released in this case.

**OBJECT** – You may write to the Court if you do not like this Settlement, the Plan of Allocation, or the request for attorney's fees and expenses.

**GO TO A HEARING** – You may ask to speak in Court about the fairness of the Settlement.

**DO NOTHING** – Receive no payment.

- These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after they are resolved.  Please be patient.

| | | PAGE |
|---|---|---|
| 1. | Why did I receive this Notice package? | 5 |
| 2. | What is this lawsuit about? | 5 |
| 3. | Why is this Action a class action? | 6 |
| 4. | Why is there a Settlement? | 6 |
| 5. | How do I know if I am part of the Settlement? | 6 |
| 6. | What are the exceptions to being included? | 6 |
| 7. | I am still not sure if I am included. | 7 |
| 8. | What does the Settlement provide? | 7 |
| 9. | How much will my payment be? | 7 |
| 10. | The basis for the calculation of your Recognized Claim | 8 |
| 11. | How will I receive a payment? | 11 |
| 12. | When will I receive my payment? | 11 |
| 13. | What am I giving up by staying in the Class? | 11 |

| | | |
|---|---|---|
| 14. | How do I exclude myself from the Settlement? | 12 |
| 15. | If I do not exclude myself, can I sue the Defendants for the same thing later? | 13 |
| 16. | If I exclude myself, can I receive a payment from this Settlement? | 13 |
| 17. | Do I have a lawyer in this case? | 13 |
| 18. | How will the lawyers be paid? | 13 |
| 19. | How do I tell the Court that I do not like the Settlement? | 14 |
| 20. | What is the difference between objecting to the Settlement and excluding myself from the Class? | 15 |
| 21. | When and where will the Court decide whether to approve the Settlement? | 15 |
| 22. | Do I have to come to the hearing? | 15 |
| 23. | May I speak at the hearing? | 15 |
| 24. | What happens if I do nothing at all? | 15 |
| 25. | Are there more details about the Settlement? | 16 |

**BASIC INFORMATION**

**1.     Why did I receive this notice package?**

You or someone in your family may have purchased shares of HQSM common stock between May 11, 2009 and April 1, 2011, inclusive (this is the "Class Period") or may have acquired common stock or warrants to purchase common stock of HQSM issued in or traceable to the 2009 or 2010 Offerings..

If this description applies to you, you have a right to know about a proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement and Plan of Allocation.  If the Court approves them, and after any objection or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, the Plan of Allocation, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

**2.     What is this lawsuit about?**

On November 22, 2011, Lead Plaintiff Trigon Emerging Agri-Sector Fund (the "Trigon Fund" or "Lead Plaintiff") filed an Amended Complaint against HQ Sustainable Maritime Industries, Inc., Norbert Sporns, Jean-Pierre Daillaire, Lillian Wang Li, Ladenburg Thalmann & Co., Inc. and Roth Capital Partners, LLC (collectively, "Defendants").  Lead Plaintiff alleged HQSM and the Individual Defendants (which do not include Ladenburg Thalmann & Co., Inc. and Roth Capital Partners, LLC) provided false information to the Company's outside auditor as part of a fraudulent scheme to inflate HQSM's key financial metrics, including revenue and cash on hand.  Lead Plaintiff alleged that when the Company's auditor eventually discovered evidence of misconduct, Lead Plaintiff alleged that HQSM and the Individual Defendants quashed attempts by the auditor and the Company's own Audit Committee to investigate and

then, according to a formal finding by the NYSE Amex Stock Exchange (formerly the American Stock Exchange), they lied to regulators about their efforts to block such an independent investigation. Ultimately, the Exchange delisted HQSM, leaving Class Members with nearly worthless shares of the Company's stock.

Lead Plaintiff brought this suit as a putative nationwide class action and asserted claims for violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, Section 20(a) of the Exchange Act, and Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act").

Defendants deny the allegations made in Lead Plaintiff's complaint, deny any and all liability with respect to the facts alleged therein and deny that anyone has suffered damage or is entitled to any relief whatsoever. The Court has not decided whether Lead Plaintiff or Defendants are correct.

### 3. Why is this Action a class action?

In a class action, one or more people called class representatives sue on behalf of people who have similar claims. All of these people who have similar claims are referred to collectively as a "Class" or individually as "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement. U.S. District Court Judge Robert S. Lasnik of the United States District Court for the Western District of Washington is in charge of this class action. The case is known as *Moomjy v. HQ Sustainable Maritime Indus. Inc.*, *et al.*, Case No. 2:11-cv-00726-RSL.

### 4. Why is there a settlement?

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost and risks of further litigation and trial. As explained above, Plaintiffs and their attorneys think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Class Member.

### 5. How do I know if I am part of the Settlement?

The Class includes all persons or entities who *purchased or otherwise acquired the common stock of HQSM from May 12, 2009 through and including April 1, 2011, inclusive, or who acquired common stock or warrants to purchase common stock of HQSM issued pursuant to or traceable to the June 2009 or August 2010 Offerings, and who were damaged thereby.*

### 6. What are the exceptions to being included?

You are not a Class Member if you are a Defendant; an officer or director of HQSM during or after the Class Period; a corporation, trust, or other entity in which any Defendant has

a controlling interest; members of the immediate families of Norbert Sporns, Jean-Pierre Dallaire, Lillian Wang Li or their successors, heirs, assigns and legal representatives; Ladenburg Thalmann & Co. Inc., Roth Capital Partners, LLC, or any of their principals. Also excluded from the Class are any putative Class Members who exclude themselves by filing a Request for Exclusion in accordance with the requirements set forth in this Notice.

If you sold HQSM common stock between May 12, 2009 and April 1, 2011, inclusive, that does not automatically make you a Class Member. You are a Class Member only if you purchased or otherwise acquired HQSM common stock between May 12, 2009 and April 1, 2011, inclusive.

If one of your mutual funds purchased or owns shares of HQSM stock, that alone does not make you a Class Member.

**7.     I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator Strategic Claims Services, by phone at (866) 274-4004, by facsimile at (610) 565-7985, visit their website at www.strategicclaims.net, or you can fill out and return the Proof of Claim and Release form ("Claim Form") described in question 11, to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE**

**8.     What does the Settlement provide?**

HQSM and the insurance carriers for HQSM's directors and officers have agreed to pay $2.75 million in cash into the Settlement Fund. The balance of this fund, after payment of Court-approved attorneys' fees and expenses, taxes, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund"), will be divided among all Class Members who submit valid Claim Forms.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

**9.     How much will my payment be?**

If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of valid Claim Forms that Class Members submit, how many shares of HQSM common stock you purchased, and when you bought and sold your HQSM shares. By following the Plan of Allocation described below, you can calculate your "Recognized Claim." The Claims Administrator will distribute the Net Settlement Fund according to the Plan of Allocation after the deadline for submission of Claim Forms has passed.

The Claims Administrator will determine each Class Member's *pro rata* share of the Net Settlement Fund based upon each Class Member's valid "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Class Members pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Class Members with valid claims.

**10.    The basis for the calculation of your Recognized Claim.**

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Claim Forms ("Authorized Claimants") under the following Plan of Allocation proposed by Plaintiffs. This Plan of Allocation reflects Plaintiffs' contention that because of alleged misrepresentations and omissions about HQSM's revenue recognition, the price of HQSM's common stock was artificially inflated during the Class Period until April 1, 2011. Defendants deny that they made any material misrepresentations or failed to disclose any material information, or that HQSM's stock price was artificially inflated.

## PLAN OF ALLOCATION

Lead Counsel has consulted its damage consultants and developed the Plan of Allocation to calculate how Class Members will share in the Net Settlement Fund. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation set forth here.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's approved claim. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total approved claim of each Authorized Claimant, then each Authorized Claimant will be paid the percentage of the Net Settlement Fund that each Authorized Claimant's approved claim bears to the total of the approved claims of all Authorized Claimants – *i.e.*, the Class Member's *pro rata* share of the Net Settlement Fund. Receipt of these monies by each Authorized Claimant will be deemed full and complete payment from the Settlement of his/her/its approved claim.

The following Plan of Allocation is designed to fairly allocate the proceeds of the $2.75 million Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund"). The Net Settlement Fund shall be distributed to Class Members (or the representative of such Class Members including, without limitation, agents, administrators, executors, heirs, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) who submit a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe ("Authorized Claimants").

This Plan of Allocation reflects the contention of the Lead Plaintiff that because of misrepresentations and omissions about HQSM's financial condition, over the course of the Class Period (May 12, 2009 through and including April 1, 2011), the trading prices of HQSM common stock were higher than they would have been had certain of the Defendants not materially misrepresented the Company's financial condition.

The Court has not made any finding that the Released Parties are liable to the Class or that the Class has suffered any compensable damages, nor has the Court made any finding that the payments allowed under this Plan of Allocation are an accurate measure of damages.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim" from transactions in HQSM common stock during the entire Class Period. **The Recognized Claim formulas set forth below are not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; nor is the Recognized Claim an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.** The Recognized Claim formulas are the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

This Plan of Allocation reflects the declines in the price of HQSM common stock during the entire Class Period, that Lead Plaintiffs allege are reasonably attributable to the misstatements alleged in the Complaint and adjusted to reflect the strength of those allegations and the settlement negotiations.

The total number of damaged shares (shares purchased on or between May 12, 2009 through March 31, 2011, and held beyond April 1, 2011) is estimated to amount to 6.115 million shares. The Settlement of $2.75 million thus represents an estimated recovery of approximately $0.45 per share before deduction of court-approved fees and expenses. **Please note that these amounts are only estimates**.

Estimated aggregate damages and the Plan of Allocation were developed based on accepted event study analysis and the use of a multi-trader model, to determine the amount of artificial inflation embedded in the stock price on each day during the Class Period. The total amount of artificial inflation that was present at the commencement of the Class Period was $3.33 per share of common stock of HQSM. The artificial inflation embedded in the common stock dissipated in stages as a result of two corrective disclosures on March 16, 2011 and April 1, 2011. The corrective disclosure of March 16, 2011 caused a reduction in the aggregate artificial inflation of $0.52 per share. The corrective disclosure of April 1, 2011 caused a reduction in the aggregate artificial inflation of $2.81 per share.[1] Therefore, the maximum damages per share due to the alleged omissions and misrepresentations is $3.33. An Authorized Claimant's total "Recognized Claim" for HQSM common stock is set forth below:

1. For each share of HQSM common stock purchased or otherwise acquired during the period May 12, 2009 through March 15, 2011, and:
    1. sold prior to March 16, 2011, the Recognized Claim shall be zero.[2]
    2. sold during the period March 16, 2011 through March 31, 2011, the Recognized Claim shall be the lesser of:
        a. $0.52 per share; or
        b. the difference between the purchase price per share and $3.09.[3,4]

---

[1] On April 1, 2011, HQSM common stock was suspended from trading on the New York Stock Exchange ("NYSE") *during the trading day*. On July 8, 2011, HQSM common stock resumed trading on the Over-the-Counter ("OTC") market. Several announcements were released into the marketplace while trading for HQSM was halted. During the three trading days after the April 1, 2011 announcement, the stock suffered three consecutive statistically significant events. Thus, a four-trading-day event window has been applied to fully capture the price movement caused by the disclosure of April 1, 2011.
[2] A purchase or sale of shares of HQSM common stock shall be deemed to have occurred on the "contract" or "trade" dated as opposed to the "settlement" or "payment" date.
[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."
[4] Pursuant to Section 21(D)(e)(1) of the PSLRA, the 90-day period after the March 16, 2011 disclosure ends on June 13, 2011. The average price of HQSM common stock for the 90-day period after March 16, 2011 is $3.09.

        3. retained beyond April 1, 2011, the Recognized Claim shall be the lesser of:
- a. $3.33 per share; or
- b. the difference between the purchase price per share and $0.21.[5]

   2. For each share of HQSM common stock purchased or otherwise acquired during the period March 16, 2011 through March 31, 2011, and:
- 4. sold prior to April 1, 2011, the Recognized Claim shall be zero.
- 5. retained beyond April 1, 2011, the Recognized Claim shall be the lesser of:
  - a. $2.81 per share; or
  - b. the difference between the purchase price per share and $0.21.[6]

For Class Members who held shares of HQSM common stock at the beginning of the Class Period, or who made multiple purchases, acquisitions or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a Recognized Claim. Under the FIFO method, shares of HQSM common stock sold during the Class Period will be matched first against shares of HQSM common stock held at the beginning of the Class Period. The sale of any remaining shares during the Class Period will then be matched in chronological order against shares purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in HQSM common stock during the Class Period are subtracted from all losses. To the extent a Class Member had a gain from his, her, or its overall transactions in HQSM common stock during the Class Period, the value of the Recognized Claim will be zero. To the extent that a Claimant suffered an overall loss on his, her, or its overall transactions in HQSM common stock during the Class Period, but that loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual loss. There will be no Recognized Claim attributable to short sales.

**Acquisition by Gift, Inheritance or Operation of Law**

If a Class Member acquired HQSM during the Class Period by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. In such instances, the recipient must provide documentation of the original purchase in addition to the transfer.

**Employee Stock Options**

---

[5] Pursuant to Section 21(D)(e)(1) of the PSLRA, the 90-day period after the April 1, 2011 disclosure ends on June 29, 2011. However, trading did not resume until after the 90-day period, on July 8, 2011. Accordingly, pursuant to the PSLRA, the average sales price is the mean of the April 1, 2011 price and the 90-day period price after HQSM common stock resumed trading in the OTC market, or $0.21.

[6] *Id.*

For Class Members who acquired publicly-traded HQSM common stock by exercising employee stock options granted to him or her by HQSM, the purchase price will be the exercise price or strike price that the Class Member actually paid.

**Payments Less than $10.00**

A payment to any Class Member that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment will be distributed to these Class Members because of the excessive administrative costs that would be incurred.

**HOW YOU RECEIVE A PAYMENT – SUBMITTING A CLAIM FORM**

**11.  How will I receive a payment?**

To qualify for a payment, you must be an eligible Class Member and you must submit a Claim Form. This form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form requests, sign it, and mail it in an envelope postmarked not later than _____. Retain a copy of everything you mail in case the materials are lost or destroyed during shipping. Do not send originals of your brokerage or other statements.

**12.  When will I receive my payment?**

The Court will hold a hearing on ___ to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals, if any are filed, can be resolved, and resolving them can take time, perhaps several years. In addition, the Claims Administrator must process all of the Claim Forms. The processing is complicated and will take many months. Please be patient.

**13.  What am I giving up by staying in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the Released Parties (defined below) about the claims being released in this Settlement. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants.

Pursuant to the proposed Settlement, and on the Effective Date, Plaintiffs and other members of the Class who do not exclude themselves will release and forever discharge, and will forever be enjoined from prosecuting, the Released Claims (defined below) against the Released Parties (also defined below).

The "Defendants" include HQSM, Norbert Sporns, Jean-Pierre Dallaire, Lillian Wang Li, Ladenburg Thalmann & Co. Inc. and Roth Capital Partners, LLC, each of whom will be released from all Released Claims. The proposed Settlement will release all Class Members' Released Claims against each Defendant, their past or present subsidiaries, parents, affiliates, successors and predecessors, officers, directors, shareholders, general or limited partners, members, managers, agents, employees, attorneys and legal representatives, insurers, spouses and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors-in-interest, or assigns of the Defendants (collectively, the "Released Parties").

"Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class and/or individual in nature, including both known claims and "Unknown Claims" (as defined below), (1) that have been asserted in this Action by Plaintiffs against any of the Released Persons on behalf of themselves of the Class or otherwise, or (2) that could have been asserted in this Action, or in any other action or forum by Plaintiffs and/or the members of the Class or any of them against any of the Released Persons which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters, or occurrences, representations, or omissions involved, set forth, or referred to in the Action, including by way of example and without limitation, any claims related to or arising out of the purchase or acquisition of HQSM common stock or warrants pursuant to or traceable to HQSM's Offerings in June 2009 or August 2010, or on the open market during the Class Period.

"Unknown Claims" means any and all Released Claims which Plaintiffs or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, and any Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor, which if known by him, her or it might have affected his, her, or its decision(s) with respect to the Settlement, including any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

If the proposed Settlement is approved by the Court and becomes final, all Released Claims will be dismissed on the merits and with prejudice as to all Class Members who do not exclude themselves from the Class. All Defendants will also release all claims they hold against the Plaintiffs and the Class Members that arise out of or relate in any way to the institution, prosecution, or settlement of this Action.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep the right to sue or continue to sue the Defendants on your own about the same claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. This is referred to as "opting out" of the Class.

**14.     How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by U.S. mail (or an express mail carrier) stating that you want to be excluded from *Moomjy v. HQ Sustainable Maritime Indus. Inc.*, Case No. 2:11-cv-00726-RSL. You must include your name; address; telephone number; your signature; the number of shares of HQSM common stock you purchased or otherwise acquired between May 12, 2009 and April 1, 2011, inclusive; the number sold during this time period, if any; and the dates of such purchase, acquisitions, and sales. Your Request for Exclusion must be sent to:

> HQSM Securities Litigation
> c/o Strategic Claims Services
> 600 North Jackson Street, Suite 3
> Media, PA 19063

Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.

Your Request for Exclusion must be **received** no later than _____. You cannot exclude yourself over the phone or by e-mail. If you ask to be excluded, you are not eligible to receive any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit and you will be able to pursue the claims that are being released in this Settlement at your own expense.

**15.   If I do not exclude myself, can I sue the Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendants or the Released Parties for the claims being released by this Settlement. If you have a pending lawsuit relating to the claims being released in this case against any of the Defendants, speak to your lawyer in that case immediately and give him/her this packet. Remember, the exclusion deadline is _____.

**16.   If I exclude myself, can I receive a payment from this Settlement?**

No. If you exclude yourself, you cannot send in a Claim Form. But, you may sue, continue to sue, or be part of a different lawsuit asserting the claims being released in this Settlement against the Defendants or the Released Parties.

**THE LAWYERS REPRESENTING YOU**

**17.   Do I have a lawyer in this case?**

The Court has decided that the law firm of Cohen Milstein Sellers & Toll PLLC is qualified to represent you and the other Class Members. This law firm is called "Lead Counsel." You will not be individually charged for the lawyers' work. If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.   How will the lawyers be paid?**

Lead Counsel will apply to the Court for attorney's fees not to exceed 25% of the $2.75 million Settlement Fund and for reimbursement of their out-of-pocket expenses up to $100,000, which they paid or are payable in this litigation, plus interest on these amounts at the same rate as earned by the Settlement Fund. *The amounts approved by the Court will be paid from the Settlement Fund.* Class Members are not personally liable for any fees or expenses of Plaintiffs' Counsel.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Plaintiffs' Counsel have not been paid for their services for conducting this litigation on behalf of the Lead Plaintiff and the Class nor for their substantial out-of-pocket expenses. The request is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may, however, award less than this amount.

# OBJECTING TO THE SETTLEMENT

**19.     How do I tell the Court that I do not like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it.  To object, you must send a letter saying that you object to the Settlement in *Moomjy v. HQ Sustainable Maritime Indus., Inc.*, *et al.*, Case No. 2:11-cv-00726-RSL.  Be sure to include your name; address; telephone number; your signature; the number of shares of HQSM common stock you purchased or otherwise acquired between May 12, 2009 and April 1, 2011, inclusive; the number sold during this time period, if any; and the reasons you object to the Settlement.  Any objection to the Settlement must be mailed or delivered such that it is received by each of the following no later than _____:

*Court*:

Clerk of the Court
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
700 Stewart Street
Seattle, Washington, 98101

*Plaintiffs' Lead Counsel*:

Steven J. Toll, Esq.
Julie G. Reiser, Esq.
S. Douglas Bunch, Esq.
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005

*Counsel for Defendant HQ Sustainable Maritime Industries, Inc.:*

Michael D. Handler,, Esq.
COZEN O'CONNOR
1201 Third Avenue, Suite 5200
Seattle, WA 98101-3071

*Counsel for Defendants Norbert Sporns, Jean-Pierre Dallaire and Lillian Wang Li*

Marc D. Ashley
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112

*Counsel for Defendants Ladenburg Thalmann & Co. and Roth Capital Partners, LLC*

Miles A. Yanick
SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, WA  98101-2272

**20.    What is the difference between objecting to the Settlement and excluding myself from the Class?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object *only if* you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

**21.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing at _____, on _____, at the United States District Courthouse, Courtroom 15106, 700 Stewart Street, Seattle, Washington, 98101. At this hearing the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have requested in writing by _____ to speak at the hearing. The Court may also consider Lead Counsel's application for attorney's fees and reimbursement of expenses.

**22.    Do I have to come to the hearing?**

No. Lead Counsel will answer any questions Judge Lasnik may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection is received on time, the Court will consider it. You may also pay your own lawyer to attend, but this is not necessary.

**23.    May I speak at the hearing?**

You may ask the Court for permission to speak at the hearing. To do so, you must send a letter stating your intention to appear in *Moomjy v. HQ Sustainable Maritime Indus., Inc., et al.*, Case No. 2:11-cv-00726-RSL. Be sure to include your full name, address, telephone number, your signature, and the number of shares of HQSM common stock you purchased or otherwise acquired between May 12, 2009 and April 1, 2011, inclusive. Your notice of intention to appear must be **received** no later than _____, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, at the addresses listed in question 19. You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

**24.    What happens if I do nothing at all?**

If you do nothing, you will receive no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or the Released Parties about the claims being released in this Settlement.

**OBTAINING MORE INFORMATION**

**25. Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation of Settlement dated September 28, 2012. You can obtain a copy of the Stipulation or more information about the Settlement by contacting the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004, by facsimile at (610) 565-7985, or by visiting www.strategicclaims.net. You can also obtain a copy of the Stipulation from the Clerk's Office at the United States District Court for the Western District of Washington, U.S. Courthouse, 700 Stewart Street, Lobby Level, Seattle, Washington 98101, during regular business hours.

**SPECIAL NOTICE TO NOMINEES**

If you purchased or otherwise acquired HQSM common stock between May 12, 2009 and April 1, 2011, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such persons or entities, or (2) provide a list of the names and addresses of such persons or entities to the Claims Administrator:

> HQSM Securities Litigation
> c/o Strategic Claims Services
> 600 North Jackson Street, Suite 3
> Media, PA 19063

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

In either case, you may obtain reimbursement for your advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: September ___, 2012

> BY ORDER OF THE COURT
> UNITED STATES DISTRICT COURT
> WESTERN DISTRICT OF WASHINGTON