The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON MOOMJY, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

HQ SUSTAINABLE MARITIME INDUSTRIES, INC., NORBERT SPORNS and JEAN-PIERRE DALLAIRE, *et al.*,

Defendants.

Case No. 2:11-cv-00726-RSL

CLASS ACTION

**ORDER FOR NOTICE AND HEARING**

WHEREAS, a consolidated class action is pending before this Court entitled *Moomjy v. HQ Sustainable Maritime Industries, Inc.*, *et al.*, Civil Action No. 2:11-cv-00726-RSL (the "Action"); and

WHEREAS, the Court has received the Stipulation of Settlement dated September 28, 2012, as amended by the Amendment to Stipulation of Settlement dated October 30, 2012 (the "Stipulation"), that has been entered into by Lead Plaintiff Trigon Emerging Agri-Sector Fund ("Lead Plaintiff"), and defendants HQ Sustainable Maritime Industries, Inc. ("HQSM"), Norbert Sporns, Jean-Pierre Dallaire, Lillian Wang Li, Ladenburg Thalmann & Co., Inc. and Roth Capital Partners, LLC (together, the "Defendants") (Defendants and Lead Plaintiff are the "Parties"); and

WHEREAS, the Parties to the Action, having applied for an order determining certain matters in connection with the proposed settlement of the Action (the "Settlement"), in

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1    accordance with the Stipulation entered into by the Parties, and for the ultimate final approval of

2    the Settlement and dismissal of the Action as against the Defendants upon the terms and

3    conditions set forth in the Stipulation;

4         NOW, upon consent of the Parties, after review and consideration of the Stipulation filed

5    with the Court and the exhibits annexed thereto, and after due deliberation, IT IS HEREBY

6    ORDERED that:

7         1.    The Court, for purposes of this Order for Notice and Hearing, adopts all defined

8    terms as set forth in the Stipulation.

9         2.    Lead Counsel is authorized to act on behalf of the Class with respect to all acts

10   required by, or which may be given pursuant to, the Stipulation or such other acts that are

11   reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

12        3.    Lead Counsel is hereby authorized to retain the firm Strategic Claims Services as

13   Claims Administrator to supervise and administer the notice and claims procedures.

14        4.    The Court preliminarily certifies the Class as defined in the Stipulation of

15   Settlement and otherwise approves the Settlement of the Action as set forth in the Stipulation and

16   the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member

17   to challenge the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of

18   Allocation, or the fairness and adequacy of their representation by Lead Counsel, and to show

19   cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should

20   not be ordered herein after due and adequate notice to the Class has been given in conformity

21   with this Order.

22        5.    A hearing (the "Settlement Fairness Hearing") shall be held on January 31, 2013 at

23   9:00 a.m., in the United States District Court for the Western District of Washington in

24   Courtroom 15106, 700 Stewart Street, Seattle, Washington, 98101, the Honorable Robert S.

25   Lasnik presiding, to:

26

ORDER FOR NOTICE AND HEARING
(11-726-RSL) – Page 2

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

    a.  determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate;

    b.  determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action with prejudice and extinguishing and releasing all Released Claims and Settled Defendants' Claims (as defined therein);

    c.  determine whether the Plan of Allocation should be approved;

    d.  rule on Lead Counsel's application for an award of attorneys' fees and the reimbursement of expenses; and

    e.  rule on such other matters as the Court may deem appropriate.

6.  The Court reserves the right to adjourn the Settlement Fairness Hearing, including the consideration of the application for attorneys' fees and reimbursement of expenses, without further notice to Class Members.  The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

7.  The Court reserves the right to approve the Settlement at or after the Settlement Fairness Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

8.  The Claims Administrator shall make reasonable efforts to identify all persons and entities who are members of the Class, including beneficial owners whose shares of HQSM common stock are held by banks, brokerage firms, or other nominees.  To the extent not already provided, HQSM shall provide to Lead Plaintiff within five (5) business days of the entry of this Order the information from HQSM's transfer records required by the Claims Administrator to send copies of the Notice to the persons and entities who can be identified through reasonable efforts from the stock transfer records of HQSM.

9.  Within thirty (30) calendar days after the entry of this Order, the Claims Administrator shall cause a copy of the Notice (substantially in the form of Exhibit A-1 annexed

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1   hereto) and Proof of Claim (substantially in the form of Exhibit A-2 annexed hereto) to be mailed

2   by United States mail, postage prepaid, to all members of the Class, at their last known address

3   appearing in the stock transfer records maintained by or on behalf of HQSM, and to identifiable

4   nominees for Class Members.  The thirtieth (30th) day after the entry of this Order shall be

5   termed the "Notice Date."

6          10.     Pursuant to the Notice, each nominee shall either: send the Notice and Proof of

7   Claim to Class Members for which they act as nominee by first class mail within ten (10)

8   calendar days after the nominee receives the Notice; or send a list of the names and addresses of

9   such beneficial owners to the Claims Administrator within ten (10) calendar days after the

10  nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by

11  first class mail the Notice and Proof of Claim to all Class Members named on the list received

12  from the nominee within ten (10) calendar days of the receipt of such information.  The Claims

13  Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their

14  reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are

15  Class Members, which expenses would not have been incurred except for the sending of such

16  notice, subject to further order of this Court with respect to any dispute concerning such

17  compensation.  Lead Counsel shall file with the Court and serve upon Defendants' Counsel no

18  later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing an affidavit or

19  declaration describing the efforts taken to comply with this Order and stating that the mailings

20  have been completed in accordance with the terms of this Order.

21         11.     Within ten (10) calendar days of the Notice Date, Lead Counsel shall publish a

22  Summary Notice, substantially in the form of Exhibit A-3 annexed hereto, once in the *Investor's*

23  *Business Daily*, and shall post the full Notice and any other appropriate documents on a website

24  concerning the Settlement.  Lead Counsel shall file with the Court and serve upon Defendants'

25  Counsel no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing an

26  affidavit or declaration stating that the Summary Notice has been published in accordance with

ORDER FOR NOTICE AND HEARING
(11-726-RSL) – Page 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1   the terms of this Order.

2       12.     The form and method of notice specified herein is the best notice practicable and

3   shall constitute due and sufficient notice to all persons and entities entitled to receive such notice

4   and fully satisfies the requirements of due process and Fed. R. Civ. P. 23.

5       13.     Any member of the Class who objects to the Settlement, the representation of the

6   Class by Lead Counsel, and/or the application for attorney's fees and reimbursement of expenses,

7   or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney at the

8   Settlement Fairness Hearing and present evidence or argument that may be proper or relevant;

9   provided, however, that no person other than the Parties and their counsel shall be heard, and no

10  papers, briefs, pleadings, or other documents submitted by any person or entity shall be

11  considered by the Court unless at least fourteen (14) calendar days before the Settlement Fairness

12  Hearing such person or entity files with the Court and delivers to counsel listed below: (a) a

13  written notice of intention to appear; (b) a statement of such person's or entity's objection(s) to

14  any matters before the Court; (c) the grounds therefor or the reasons that such person or entity

15  desires to appear and be heard, as well as all documents or writings such person or entity desires

16  the Court to consider; and (d) documents evidencing that such person is a Class Member.  Such

17  filings shall be served upon the Court and the following counsel so that they are received at least

18  14 calendar days before the Settlement Fairness Hearing:

19  **Lead Counsel for Lead Plaintiff and the Class:**

20  Steven J. Toll, Esq.
    Julie G. Reiser, Esq.

21  S. Douglas Bunch, Esq.
    COHEN MILSTEIN SELLERS & TOLL PLLC

22  1100 New York Avenue, N.W.
    West Tower, Suite 500

23  Washington, D.C. 20005

24  **One of Counsel for Defendant HQSM:**

25  Michael D. Handler, Esq.
    COZEN O'CONNOR

26  1201 Third Avenue, Suite 5200
    Seattle, WA 98101-7237

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1

**One of Counsel for Defendants Norbert Sporns, Jean-Pierre Dallaire, and Lillian Wang Li:**

2

Marc D. Ashley
CHADBOURNE & PARKE LLP

3

30 Rockefeller Plaza
New York, NY  10112

4

5

**Counsel for Defendants Ladenburg Thalmann & Co. and
Roth Capital Partners, LLC:**

6

Miles A. Yanick
SAVITT BRUCE & WILLEY LLP

7

1425 Fourth Avenue, Suite 800
Seattle, WA 98101-2272

8

9       14.     Any Class Member who does not object to the Settlement and/or the Plan of

10  Allocation and/or Lead Counsel's application for an award of attorneys' fees and reimbursement

11  of expenses in the manner prescribed in the Notice shall be deemed to have waived such

12  objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or

13  reasonableness of the proposed Settlement, the judgment(s)/order(s) to be entered approving the

14  Settlement, the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees

15  and reimbursement of expenses.

16       15.     Any person or entity falling within the definition of the Class may, upon request,

17  be excluded from the Settlement.  Any such person or entity must submit to the Claims

18  Administrator a request for exclusion ("Request for Exclusion").  A Request for Exclusion must

19  be received by the Claims Administrator at least fourteen (14) calendar days before the

20  Settlement Fairness Hearing and state: (i) the name, address, and telephone number of the person

21  or entity requesting exclusion; (ii) the person's or entity's purchases, acquisitions and sales of

22  HQSM common stock made during the Class Period, including the dates, the number of shares of

23  common stock, and price paid or received per share for each such purchase, acquisition, or sale;

24  and (iii) that the person or entity wishes to be excluded from the Class.  All persons and entities

25  who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph

26  shall have no rights under the Stipulation and shall not share in the distribution of the Settlement.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

16.     Any Class Member who wishes to participate in the Settlement Fund must submit a valid Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than one hundred and fifty (150) calendar days following the Notice Date.  Such deadline may be further extended by Court order.  Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim.  All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator.  To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (iii) be signed with an affirmation (notarization not required) that the information is true and correct.  All Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

17.     If this Settlement is not approved by the Court or does not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except for the Lead Plaintiff's obligations to pay for any expense incurred in connection with the notice and administration provided for by this Order.

18.     All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  Pending final determination whether the Settlement should be approved, Plaintiffs and all members of the Class are barred and enjoined from commencing or

ORDER FOR NOTICE AND HEARING
(11-726-RSL) – Page 7

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1  prosecuting any action asserting any claims that are or relate in any way to the Released Claims

2  as defined in the Stipulation.  This Court's stay of the Federal Derivative Action, *In Re HQ*

3  *Sustainable Maritime Industries, Inc. Derivative Litigation*, No. 2:11-cv-00910-RSL, and stay of

4  discovery in the State Derivative Action, *In Re HQ Sustainable Maritime Industries Derivative*

5  *Litigation*, No. 11-2-16742-9 SEA (King County Superior Court), shall remain in effect pending

6  further order of the Court.

7        19.    Neither the Stipulation nor any provisions contained in the Stipulation, nor any

8  negotiations, statements, or proceedings in connection therewith, nor any action undertaken

9  pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession

10  on the part of the Plaintiffs, the Defendants, any member of the Class, or any other person or

11  entity, of any liability or wrongdoing by them, or any of them, or as to the strength or weakness

12  of any claim or defense, and shall not be offered or received in evidence of any action or

13  proceeding (except an action to enforce the Stipulation and Settlement contemplated hereby), or

14  be used in any way as an admission, concession, or evidence of any liability or wrongdoing of

15  any nature, and shall not be construed as, or deemed to be evidence of, an admission or

16  concession that Plaintiffs, any member of the Class, any present or former stockholder of HQSM,

17  or any other person or entity, has or has not suffered any damage.

18        20.    Any submission to the Court in support of approval of the Settlement or the Plan

19  of Allocation, or in support of Lead Counsel's application for an award of attorney's fees and

20  reimbursement of expenses, shall be filed no later than twenty-one (21) calendar days before the

21  date scheduled for the Settlement Fairness Hearing.

22        21.    Any response to any timely-filed objection to the Settlement, Plan of Allocation or

23  application for an award of attorneys' fees and reimbursement of expenses shall be filed no later

24  than seven (7) calendar days before the date scheduled for the Settlement Fairness Hearing.

25        22.    The Court authorizes payment out of the Settlement Fund of the expenses

26  described in paragraph 9 of the Stipulation.

---

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1        23.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in

2    accordance with the terms of the Stipulation is approved.  No person or entity that is not a Class

3    Member or counsel for the Lead Plaintiff shall have any right to any portion of, or interest in, the

4    distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided

5    in the Stipulation.

6

7

8        SIGNED this 1st day of November, 2012.

9

10

11                                                    Robert S. Lasnik

12                                                  United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600