1

The Honorable Robert S. Lasnik

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| | |
|---|---|
| JASON MOOMJY, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:11-cv-00726-RSL |
| Plaintiff, | CLASS ACTION |
| v. | **LEAD PLAINTIFF'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND THE PLAN OF ALLOCATION OF THE SETTLEMENT PROCEEDS** |
| HQ SUSTAINABLE MARITIME INDUSTRIES, INC., NORBERT SPORNS and JEAN-PIERRE DALLAIRE, *et al.*, | |
| Defendants. | NOTE ON MOTION CALENDAR: March 21, 2013 at 10:30 a.m. |
| | ORAL ARGUMENT REQUESTED |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL)

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

## TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT ................................................................ 1

II.     THE STANDARDS FOR JUDICIAL APPROVAL OF CLASS ACTION
        SETTLEMENTS ............................................................................... 3

III.    THE SETTLEMENT MEETS THE NINTH CIRCUIT STANDARD FOR
        APPROVAL ..................................................................................... 5

        A.      The Parties Were Able to Identify the Strengths and Weaknesses of
                the Case ................................................................................ 5

        B.      The Settlement Avoids the Risks of Litigation and Provides the
                Benefit of a Certain and Immediate Recovery to the Class ..................... 6

        1.      Continued Litigation Entailed Substantial Risks in Establishing
                Liability and the Probability of Recovering Any Money from
                Defendants, Much Less $2.75 Million, Was Remote ............................. 7

        2.      Risks of Trial and Appeal ......................................................... 9

        3.      The Certainty of an Immediate Recovery Compared to the Expense
                and Duration of Trial and Appeal Favors Settlement ........................... 10

        C.      The Recommendations of Experienced Counsel Who Negotiated at
                Arm's-Length Without Fraud or Coercion Heavily Favors
                Approval of the Settlement ...................................................... 11

        D.      The Amount Obtained Supports Approval of the Settlement ................. 12

        E.      Reaction of the Class Supports Approval of the Settlement ................. 13

IV.     THE PLAN OF ALLOCATION IS FAIR, REASONABLE AND
        ADEQUATE AND SHOULD BE APPROVED BY THE COURT ................. 14

V.      THE NOTICE OF SETTLEMENT SATISFIES DUE PROCESS ................... 15

VI.     Certification of the Settlement Class Under Federal Rule of Civil
        Procedure 23 is Appropriate ...................................................... 17

        A.      The Class Is Sufficiently Numerous .......................................... 17

        B.      Common Questions of Law or Fact Exist ...................................... 18

        C.      Lead Plaintiff's Claims Are Typical of Those of the Class ................. 19

        D.      Lead Plaintiff Is an Adequate Representative of the Class .................. 20

        E.      The Requirements of Rule 23(b)(3) Are Also Satisfied ..................... 20

        1.      Common Legal and Factual Questions Predominate in the
                Litigation ......................................................................... 21

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page i

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

2.     A Class Action Is the Superior Means to Adjudicate the Claims ........................................................................................... 22

VII.     CONCLUSION ..................................................................................... 22

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page ii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)...........................................................................................20, 21, 22

*In re Apple Computer Sec. Litig.*,
  No. 84-CV-20148, 1991 U.S. Dist. LEXIS 15608 (N.D. Cal. Sept. 6, 1991) ..........................9

*AUSA Life Ins. Co. v. Ernst & Young*,
  No. 00-CV-9472, 2002 U.S. App. LEXIS 13845 (2d Cir. July 8, 2002)................................9

*Backman v. Polaroid Corp.*,
  910 F.2d 10 (1st Cir. 1990).................................................................................9

*In re BankAtlantic Bancorp, Inc. Sec. Litig.*,
  No. 07-61542-Civ., 2011 WL 1585605 (S.D. Fla. Apr. 25, 2011)....................................9

*Boyd v. Bechtel Corp.*,
  485 F. Supp. 610 (N.D. Cal. 1979) .............................................................5, 6, 10, 14

*Brotherton v. Cleveland*,
  141 F. Supp. 2d 894 (S.D. Ohio 2001) ............................................................13, 14

*Bullock v. Adm'r of Estate of Kircher*,
  84 F.R.D. 1 (D.N.J. 1979)..................................................................................10

*Consolidated Edison, Inc. v. Northeast Utils.*,
  332 F. Supp. 2d 639 (S.D.N.Y. 2004)....................................................................16

*Diamond Chem. Co., Inc. v. Akzo Nobel Chems. B.V.*,
  205 F.R.D. 33 (D.D.C. 2001)..............................................................................16

*In re Drexel Burnham Lambert Group, Inc.*,
  960 F.2d 285 (2d Cir. 1992)...............................................................................19

*Ellis v. Naval Air Rework Facility*,
  87 F.R.D. 15 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) .............................4, 5, 11

*Fisher Bros. v. Cambridge-Lee Indus., Inc.*,
  630 F. Supp. 482 (E.D. Pa. 1985) .......................................................................11

*Girsh v. Jepson*,
  521 F.2d 153 (3d Cir. 1975)........................................................................5, 6, 10

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page iii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ...............................................................................18, 21

*Hochschuler v. G. D. Searle & Co.*,
82 F.R.D. 339 (N.D. Ill. 1978) ...........................................................................................21

*Hughes v. Microsoft Corp.*,
No. 98-CV-1646, 2001 U.S. Dist. LEXIS 5976 (W.D. Wash. Mar. 26, 2001) .................4, 12

*In re Ikon Office Solutions, Inc. Sec. Litig.*,
194 F.R.D. 166 (E.D. Pa. 2000) ...........................................................................................6

*Lewis v. Newman*,
59 F.R.D. 525 (S.D.N.Y. 1973) ...........................................................................................6

*In re Mego Financial Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) ..................................................................................... *passim*

*Meyenburg v. Exxon Mobil Corp.*,
No. 3:05-cv-15-DGW, 2006 WL 5062697 (S.D. Ill. June 5, 2006) .......................................13

*In re Mfrs. Life Ins. Co. Premium Litig.*,
MDL No. 1109, 1998 U.S. Dist. LEXIS 23217 (S.D. Cal. Dec. 21, 1998).....................10, 14

*Milstein v. Huck*,
600 F. Supp. 254 (E.D.N.Y. 1984) ......................................................................................10

*MWS Wire Indus., Inc. v. Cal. Fine Wire Co.*,
797 F.2d 799 (9th Cir. 1986) ...............................................................................................3

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004) ..........................................................................................6

*Officers for Justice v. Civil Service Comm'n*,
688 F.2d 615 (9th Cir. 1982) ..................................................................................... *passim*

*In re Pac. Enters. Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) ...................................................................................................3

*Pelletz v. Weyerhaeuser Co.*,
255 F.R.D. 537 (W.D. Wash. 2009) .....................................................................................20

*Petrovic v. Amoco Oil Co.*,
200 F.3d 1140 (8th Cir. 1999) .............................................................................................15

*Phillips v. Joint Legislative Comm'n on Performance & Expenditure Review*,
637 F.2d 1014 (5th Cir. 1981) .............................................................................................19

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page iv

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

*In re Potash Antitrust Litig.*,
  159 F.R.D. 682 (D. Minn. 1995)................................................................21

*Republic Nat'l Life Ins. Co. v. Beasley*,
  73 F.R.D. 658 (S.D.N.Y. 1977) ...................................................................6

*Robbins v. Koger Props., Inc.*,
  116 F.3d 1441 (11th Cir. 1997) ...................................................................9

*Rodriguez v. Carlson*,
  166 F.R.D. 465 (E.D. Wash. 1996).............................................................18

*Schlagel v. Learning Tree, Int'l*,
  No. 98-CV-6384, 1999 WL 672306 (C.D. Cal. Feb. 23, 1999) ................20

*Schneider v. Traweek*,
  No. 88-CV-0905, 1990 WL 132716 (C.D. Cal. July 31, 1990)..................18

*Stoetzner v. U.S. Steel Corp.*,
  897 F.2d 115 (3d Cir. 1990)........................................................................14

*In re THQ, Inc. Sec. Litig.*,
  No. 00-CV-1783, 2002 WL 1832145 (C.D. Cal. Mar. 22, 2002)...............17, 19, 21

*Torrisi v. Tucson Elec. Power Co.*,
  8 F.3d 1370 (9th Cir. 1993) ..........................................................................4

*In re Unioil Sec. Litig.*,
  107 F.R.D. 615 (C.D. Cal. 1985)................................................................22

*Util. Reform Project v. Bonneville Power Admin.*,
  869 F.2d 437 (9th Cir. 1989) ........................................................................3

*Van Bronkhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976) ........................................................................3

*Villareal v. Snow*,
  No. 95-CV-2484, 1996 U.S. Dist. LEXIS 667 (N.D. Ill. Jan. 16, 1996)................21

*In re Warner Commc'ns Sec. Litig.*,
  618 F. Supp. 735 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986)...................6, 10, 11, 12

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
  720 F. Supp. 1379 (D. Ariz. 1989), *aff'd sub nom. Class Plaintiffs v. Seattle*, 955 F.2d
  1268 (9th Cir. 1992)........................................................................................4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

*Weinberger v. Kendrick*,
  698 F.2d 61 (2d Cir. 1982)...................................................................5, 12

*Williams v. First Nat'l Bank*,
  216 U.S. 582 (1910)...............................................................................3

*Winkler v. NRD Mining, Ltd.*,
  198 F.R.D. 355 (E.D.N.Y. 2000), *aff'd sub nom. Winkler v. Wigley*, 242 F.3d 369 (2d
  Cir. 2000) ................................................................................................9

*Young v. Katz*,
  447 F.2d 431 (5th Cir. 1971) ................................................................10, 11

*Yslava v. Hughes Aircraft Co.*,
  845 F. Supp. 705 (D. Ariz. 1993) ............................................................18

OTHER AUTHORITIES

1 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3.5 (4th ed. 2002) .....................17

MANUAL FOR COMPLEX LITIGATION (THIRD) (1995).................................................12, 16

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page vi

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1    Lead Plaintiff Trigon Emerging Agri-Sector Fund (the "Trigon Fund" or "Lead

2    Plaintiff") hereby moves the Court for entry of an order granting final approval of the proposed

3    Settlement set forth in the Stipulation of Settlement dated September 28, 2012 ("Stipulation")

4    and final approval of the Plan of Allocation of the Settlement proceeds.[1]   This Motion is

5    supported by the below Memorandum of Points and Authorities in Support of Final Approval of

6    Settlement and the Plan of Allocation of Settlement Proceeds; the Reiser Declaration; the

7    Stipulation; all other pleadings and matters of record; and such additional evidence or argument

8    as may be presented at the hearing to be held by the Court on March 21, 2013.

9    **MEMORANDUM OF POINTS AND AUTHORITIES**

10   **I.      SUMMARY OF ARGUMENT**

11   The proposed Settlement of this class action (the "Action"), which provides for cash

12   consideration of $2.75 million for the benefit of the Class, was reached through arm's-length,

13   mediator-assisted negotiations, and reflects a fair resolution of the Parties' respective claims and

14   defenses.

15   This litigation began on April 28, 2011, and involves allegations that Defendants violated

16   Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15

17   U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the United States

18   Securities and Exchange Commission (the "SEC"), and Sections 11, 12, and 15 of the Securities

19   Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o.   Lead Plaintiff's amended complaint, filed on

20   November 22, 2011, alleged that the Defendants disseminated (or controlled those who

21   disseminated) materially false and misleading statements as part of a fraudulent scheme to inflate

22

23   _____

24   [1]      All capitalized terms not defined herein refer to the terms and definitions set forth in the
     Stipulation, which is Exhibit B to the Declaration of Julie G. Reiser in Support of: (1) Lead

25   Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (2)
     Lead Plaintiff's Application for Award of Attorneys' Fees and Reimbursement of Expenses

26   ("Reiser Decl." or "Reiser Declaration").

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

HQSM's key financial metrics, including revenue and cash on hand; quashed attempts by the auditor and the Company's Audit Committee to investigate; and lied to regulators about their efforts to block the independent investigation.  The history of the litigation leading to this Settlement is detailed in the Reiser Declaration, and the Court is respectfully referred to it for a thorough discussion of these subjects.

Pursuant to the Order for Notice and Hearing ("Notice Order") entered by the Court on November 1, 2012, the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing (the "Notice") was mailed to over 16,000 potential Class Members beginning on December 1, 2012.  In addition, a Summary Notice was published in *Investor's Business Daily* on December 6, 2012 and the terms and documents of the Settlement have been posted on a website dedicated to this Action and the Settlement.[2]  The last day to file objections to any aspect of the Settlement is March 7, 2013.  As of the date of this filing, Lead Counsel is aware of only one objection to the Settlement and no objections to the Plan of Allocation or to Plaintiff's Counsel's request for attorneys' fees and reimbursement of expenses.  Should any objections be filed after or in response to the Motion, Lead Plaintiff will respond within the schedule set by the Court.

Federal Rule of Civil Procedure 23(e) requires the Settlement to be fair, reasonable and adequate.  The factors analyzed in this Circuit to determine the fairness of a class action settlement are set forth in *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000), and are discussed in detail below.  In sum, Lead Counsel firmly believe that this Settlement is fair, reasonable and adequate, based on their extensive investigation of HQSM; analysis of the relevant SEC filings and other public statements by the Company; interviews with several

---

[2] *See* Declaration of Josephine Bravata Concerning Mailing of Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing and Proof of Claim and Release (the "Bravata Decl.") ¶¶ 4, 5, and 7, attached as Exhibit C to the Reiser Declaration.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

witnesses, including a lengthy interview with a confidential witness; consultation with experts; discussions with counsel for Defendants, their insurers, and the mediator; an analysis of the amount obtained in settlement versus the possibility of obtaining a larger judgment after motions to dismiss, a motion for class certification, summary judgment and trial; an evaluation of the certainty of a recovery versus the risks of no recovery at all; their past experience in other class actions; the serious disputes between the Parties concerning damages and liability; and the favorable reaction of the Class.   *See* Reiser Decl. ¶ 22.    Thus, Lead Counsel respectfully recommends that the Settlement be approved by the Court.

## II.    THE STANDARDS FOR JUDICIAL APPROVAL OF CLASS ACTION SETTLEMENTS

It is well-established in the Ninth Circuit that "voluntary conciliation and settlement are the preferred means of dispute resolution."   *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).   Indeed, "there is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits."   *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).[3]

A proposed settlement of a class action under Federal Rule of Civil Procedure 23(e) should be approved when the proposed settlement is "fair, adequate, and reasonable."[4]   The Ninth Circuit has provided a list of factors that may be considered in evaluating the fairness of a class action settlement:

➢   the strength and weaknesses of the plaintiffs' case;

➢   the risk, expense, complexity, and likely duration of further litigation;

---

[3]     The law always favors the compromise of disputed claims.  *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995); *MWS Wire Indus., Inc. v. Cal. Fine Wire Co.*, 797 F.2d 799, 802 (9th Cir. 1986).

[4]     *Pac. Enters.*, 47 F.3d at 377; *Officers for Justice*, 688 F.2d at 625.

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND THE PLAN OF ALLOCATION OF THE SETTLEMENT PROCEEDS (11-726-RSL) – Page 3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

➢ the risk of maintaining class action status throughout the trial;

➢ the amount offered in settlement;

➢ the extent of discovery completed and the stage of the proceedings;

➢ the experience and views of counsel; and

➢ the reaction of the class members to the proposed settlement.

*Mego Fin. Corp.*, 213 F.3d at 458; *see also Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379 (D. Ariz. 1989), *aff'd sub nom. Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992). "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice*, 688 F.2d at 625.

In approving a settlement, the district court must exercise "sound discretion." *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981); *Torrisi*, 8 F.3d at 1375. However, a strong initial presumption of fairness attaches to the proposed settlement if it is reached by experienced counsel after arm's-length negotiations, and great weight is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation. *Hughes v. Microsoft Corp.*, No. 98-CV-1646, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001). Thus, in exercising its discretion,

> [T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

*Officers for Justice*, 688 F.2d at 625. The Ninth Circuit defines the limits of the inquiry to be made by the Court in the following manner:

> [T]he settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits. Neither the trial court nor this court is to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 4

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators.

*Id.*; *see also Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1982) ("in order to avoid a trial, the judge must [not] in effect conduct one").

As explained below and in the Reiser Declaration, application of these criteria plainly demonstrates that this Settlement warrants the Court's approval.

## III. THE SETTLEMENT MEETS THE NINTH CIRCUIT STANDARD FOR APPROVAL

### A. The Parties Were Able to Identify the Strengths and Weaknesses of the Case

The stage of the proceedings and the amount of information available to the parties to assess the strength and weaknesses of their case is one of the factors that courts consider in determining the fairness, reasonableness, and adequacy of a settlement. *See Mego Fin.*, 213 F.3d at 459; *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *see also Weinberger*, 698 F.2d at 74; *Ellis*, 87 F.R.D. at 18; *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 616-17 (N.D. Cal. 1979).

Here, there can be no doubt that the Parties were each well aware of the strengths and weaknesses of their case when they negotiated the Settlement. The Settlement was achieved after Lead Counsel had:  (1) performed an extensive investigation of HQSM, including analysis of the relevant SEC filings and other public statements by the Company; (2) interviewed several witnesses, including one confidential witness; (3) filed a detailed amended complaint and drafted an opposition to Defendants' motions to dismiss; (4) consulted with damages experts; and (5) participated in settlement negotiations with the assistance of a professional mediator.  Reiser Decl. ¶¶ 12-14, 22.

As a result, Lead Counsel had a comprehensive understanding of the strengths and weaknesses of the plaintiffs' case and had sufficient information to make an informed decision regarding the fairness of the Settlement before presenting it to the Court.

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 5

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

**B.      The Settlement Avoids the Risks of Litigation and Provides the Benefit of a Certain and Immediate Recovery to the Class**

To determine whether the proposed Settlement is fair, reasonable and adequate, the Court must balance the continuing risks of litigation against the benefits afforded to Class Members and the immediacy and certainty of a substantial recovery.  *Mego Fin.*, 213 F.3d at 458; *Girsh*, 521 F.2d at 157; *Boyd*, 485 F. Supp. at 617; *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 741 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986).  In other words,

> The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation.  In this respect, '[i]t has been held proper to take the bird in hand instead of a prospective flock in the bush.'

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004).[5]

In the context of approving class action settlements, courts attempting to balance these factors have recognized "that stockholder litigation is notably difficult and notoriously uncertain."  *Lewis v. Newman*, 59 F.R.D. 525, 528 (S.D.N.Y. 1973); *see also Republic Nat'l Life Ins. Co. v. Beasley*, 73 F.R.D. 658 (S.D.N.Y. 1977).  This is even more so today, in this post-Private Securities Litigation Reform Act of 1995 ("PSLRA") environment, amid defendants' constant attempts to push the envelope and contours of that law.  *In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("securities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA").

Here, a balance of these factors weighs heavily in support of approval of the Settlement and unquestionably outweighs the very real possibility that the Class would receive little or no recovery at all.

---

[5]      Unless otherwise noted, all citations are omitted and emphasis is added.

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND THE PLAN OF ALLOCATION OF THE SETTLEMENT PROCEEDS (11-726-RSL) – Page 6

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

     **1.**    **Continued Litigation Entailed Substantial Risks in Establishing Liability and the Probability of Recovering Any Money from Defendants, Much Less $2.75 Million, Was Remote**

Defendants moved to dismiss Lead Plaintiff's complaint (Dkt. No. 115) on several bases, including that Lead Plaintiff had not identified any inaccuracies in the Company's financial statements. Defendants also argued that Lead Plaintiff's Section 10(b) claims should fail because Lead Plaintiff had inadequately pled (1) the requisite "strong inference" that Defendants had acted intentionally or recklessly in issuing their public statements; and (2) the requisite causal connection between Defendants' public statements and Lead Plaintiff's losses. Finally, Defendants argued that Lead Plaintiff lacked standing to pursue its Section 11 and 12(a) claims. Although Lead Plaintiff had strong arguments to deflect each of these attacks, there was simply no guarantee that Lead Plaintiff would ultimately be able to establish that Defendants made material misrepresentations to investors, or that those misrepresentations caused its losses. Indeed, the Court granted Defendants' motion to dismiss the parallel derivative case brought against HQSM on behalf of its shareholders – an important factor which weighed in the decision to settle this case.

Even if Lead Plaintiff had prevailed on the merits of its claims, moreover, the Parties would have hotly debated the proper methodologies for computing damages. Ultimately, resolution of this issue would have depended on expert testimony before the jury. Although Lead Plaintiff would have been able to present a cogent and persuasive expert's view establishing damages, Defendants would have produced their own well-qualified expert who would have opined on damages, giving rise to the well-known risk of the "battle of experts." Lead Plaintiff could not be certain which expert's view would prevail at trial. *See, e.g., In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400, 2010 WL 4537550, at *18 (S.D.N.Y. Nov. 8, 2010) ("The jury's verdict with respect to damages would … depend on its reaction to the complex testimony of experts, a reaction that is inherently uncertain and unpredictable."); *In re Datatec Sys., Inc. Sec. Litig.*, No. 04-CV-525, 2007 WL 4225828, at *4 (D.N.J. Nov. 28,

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

2007) ("there is risk associated with trying a case before a jury involving a likely battle of economic experts").

Finally, in making the decision to settle, Lead Plaintiff had to consider the limitations of Defendants' assets to fund a settlement.  In its amended complaint, Lead Plaintiff alleged, among other things, that although purportedly successful, the Company's auditor was ultimately unable to confirm bank balances, the validity of invoices, the amount of advertising expenses, or even the existence of the Company's customers.  Ultimately the Chairman of the Audit Committee, and the Auditor itself, resigned.  In other words, Lead Plaintiff's investigation revealed a case of massive fraud, and resulting waste of corporate assets, perpetrated by certain of the Company's directors and officers.  Under these circumstances, it was far from certain whether Defendants would ever be able to contribute to a meaningful settlement.  Adding to this uncertainty was that the majority of the Company's assets were located overseas, in China.  Tellingly, the only meaningful sources of funding to pay a settlement – and, indeed, the only entities which ultimately contributed to a settlement – were the Company's insurers.

Lead Plaintiff was keenly aware of these obstacles, as was the mediator, and concluded that the assets available to pay any judgment obtained against the Defendants would be nearly, if not entirely, exhausted if the Action proceeded through trial and the appeals that were sure to follow.  Thus, even if Lead Plaintiff ultimately prevailed, the amount that could be recovered at that time could be substantially less than the current Settlement.  Accordingly, this factor weighs heavily in favor of settlement.  *See Torrisi*, 8 F.3d 1376 (the deteriorating financial condition of the company defendant was the "predominat[ing]" factor supporting the reasonableness of the settlement); *In re Skilled Healthcare Group, Inc. Sec. Litig.*, No. CV09-5416, 2011 WL 280991, at *4 (C.D. Cal. Jan. 26, 2011) (approving settlement where plaintiffs had a well-founded concern that "prolonging [the] action entails a significant risk of not recovering anything at all").

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 8

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

### 2.   Risks of Trial and Appeal

As this Court is well aware, jury trials are fraught with risk.  A meritorious case can be lost at trial, *see, e.g., In re JDS Uniphase Corp. Sec. Litig*., No. C-02-1486, 2007 WL 4788556 (N.D. Cal. Nov. 27, 2007) (after a lengthy trial, jury returned a verdict against plaintiffs and the action was dismissed), and even success at trial does not eliminate the risk.  For example, in *In re Apple Computer Sec. Litig.*, No. 84-CV-20148, 1991 U.S. Dist. LEXIS 15608 (N.D. Cal. Sept. 6, 1991), a case litigated and tried in this Circuit, the jury rendered a verdict for plaintiffs after years of litigation and an extended trial.  Based upon the jury's findings, recoverable damages would have exceeded $100 million.  However, the district court overturned the verdict, entered judgment notwithstanding the verdict for the individual defendants, and ordered a new trial with respect to the corporate defendant.  In another case, the class won a jury verdict and a motion for j.n.o.v. was denied, but on appeal the judgment was reversed and the case dismissed.  *Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990).  *See also In re BankAtlantic Bancorp, Inc. Sec. Litig.,* No. 07-61542-Civ., 2011 WL 1585605 (S.D. Fla. Apr. 25, 2011) (after plaintiffs' jury verdict, court granted defendants' motion for judgment as a matter of law and entered judgment for defendants); *Robbins v. Koger Props., Inc.*, 116 F.3d 1441, 1449 (11th Cir. 1997) (reversing on appeal an $81 million jury verdict and dismissing securities action with prejudice); *AUSA Life Ins. Co. v. Ernst & Young*, 39 Fed. Appx. 667 (2d Cir. 2002) (affirming district court's dismissal after a full bench trial and earlier appeal and remand); *Winkler v. NRD Mining, Ltd.*, 198 F.R.D. 355 (E.D.N.Y. 2000) (granting defendants' motion for judgment as a matter of law after jury verdict for plaintiffs), *aff'd sub nom., Winkler v. Wigley*, 242 F.3d 369 (2d Cir. 2000); *In re Apollo Group Inc. Sec. Litig.*, No. CV-04-2147, 2008 WL 3072731, at *6 (D. Ariz. Aug. 4, 2008), *rev'd and remanded*, No. 08-16971, 2010 WL 5927988, at *1 (9th Cir. 2010) (granting judgment as a matter of law in favor of defendants on the basis of loss causation after jury ruled in favor of plaintiffs, overturned nearly two years later on appeal).

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 9

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

In summary, the risks posed by continued litigation were substantial, and they would be present at every step of the litigation if it were to continue. *See In re Mfrs. Life Ins. Co. Premium Litig.*, MDL No. 1109, 1998 WL 1993385, at *5 (S.D. Cal. Dec. 21, 1998) ("even if it is assumed that a successful outcome for plaintiffs at summary judgment or at trial would yield a greater recovery than the Settlement – which is not at all apparent – there is easily enough uncertainty in the mix to support settling the dispute rather than risking no recovery in future proceedings").

### 3. The Certainty of an Immediate Recovery Compared to the Expense and Duration of Trial and Appeal Favors Settlement

The immediacy and certainty of a recovery is a factor for the Court to balance in determining whether the proposed settlement is fair, adequate, and reasonable. *E.g.*, *Girsh*, 521 F.2d at 157. Courts have consistently held that "[t]he expense and possible duration of the litigation are major factors to be considered in evaluating the reasonableness of [a] settlement." *Milstein v. Huck*, 600 F. Supp. 254, 267 (E.D.N.Y. 1984); *Officers for Justice*, 688 F.2d at 626; *Boyd*, 485 F. Supp. at 616-17; *Bullock v. Adm'r of Estate of Kircher*, 84 F.R.D. 1, 10 (D.N.J. 1979). Thus, the benefit of the present settlement must be balanced against the expense of achieving a more favorable result at a trial in the future. *Young v. Katz*, 447 F.2d 431, 433 (5th Cir. 1971).

Approval of the Settlement will mean a present recovery for eligible claimants. If not for this Settlement, the case would have continued through summary judgment, trial and, most likely, post-trial motions and appeals. A trial would have occupied a number of attorneys for many weeks and would have required substantial and costly expert testimony on both sides. Furthermore, a judgment favorable to the Class, in light of the contested nature of virtually every aspect of this case, would unquestionably be the subject of post-trial motions and further appeals, which could prolong the case for several more years. *See, e.g.*, *Warner Commc'ns*, 618 F. Supp. at 745 (delay from appeals is a factor to be considered). Therefore, delay, not just at the trial stage, but through post-trial motions and the appellate process as well, could force Class

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Members to wait many more years for any recovery, further reducing its value.  Settlement of this litigation ensures a recovery, and eliminates the risk of no recovery at all.  It is, therefore, in the best interest of the Class.  *See In re Heritage Bond Litig.*, No. 02-ML-1475, 2005 WL 1594403, at *6 (C.D. Cal. June 10, 2005) ("In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.").

As the Ninth Circuit has made clear, the very essence of a settlement agreement is compromise, "a yielding of absolutes and an abandoning of highest hopes."  *Officers for Justice*, 688 F.2d at 624.

> Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation.

*Id.*; *see also Ellis*, 87 F.R.D. at 19 (as a *quid pro quo* for not having to undergo the uncertainties and expenses of litigation, the plaintiffs must be willing to moderate the measure of their demands).  In other words, the fact that the Class potentially could have achieved a greater recovery after trial does not preclude the Court from finding that the settlement is within a "range of reasonableness" that is appropriate for approval.  *E.g.*, *Warner Commc'ns*, 618 F. Supp. at 745.

### C.      The Recommendations of Experienced Counsel Who Negotiated at Arm's-Length Without Fraud or Coercion Heavily Favors Approval of the Settlement

As numerous courts have stated, the view of the attorneys actively conducting the litigation, while not conclusive, "is entitled to significant weight."  *Fisher Bros. v. Cambridge-Lee Indus., Inc.*, 630 F. Supp. 482, 488 (E.D. Pa. 1985); *Ellis*, 87 F.R.D. at 18 ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight"); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.").  Courts give considerable weight to the opinions of counsel because counsel

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 11

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

are "most closely acquainted with the facts of the underlying litigation." *Heritage Bond*, 2005 WL 1594403, at *9; *see also Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007), *aff'd*, 331 Fed. Appx. 452 (9th Cir. 2009).

In applying this factor, courts often focus on the "negotiating process by which the settlement was reached." *Weinberger*, 698 F.2d at 74 (cited in *Warner Commc'ns*, 618 F. Supp. at 741). "'A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery.'" *Hughes v. Microsoft Corp.*, Nos. 93-0178, 98-1646, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2011) (quoting MANUAL FOR COMPLEX LITIGATION (THIRD) §30.42 (1995)). Thus, "the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." *Heritage Bond*, 2005 WL 1594403, at *9; *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995) ("Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation.").

Here, the Action has been litigated and settled by experienced and competent counsel on both sides of the case. Indeed, Cohen Milstein is well known for its many decades of experience and extensive success in complex and class action litigation. *See* Reiser Decl., Ex. A. Additionally, the arduous process by which the Settlement was reached makes clear that the negotiations were at arm's-length, and devoid of fraud or collusion. Indeed, the Parties participated in a day of formal mediation conducted by an experienced professional mediator, and continued negotiations following the mediation in order to reach agreement on the Settlement. Accordingly, the settlement process, as well as Lead Counsel's belief that the Settlement is fair, reasonable and adequate to the Class, strongly supports approval of the Settlement.

### D.    The Amount Obtained Supports Approval of the Settlement

The determination of a "reasonable" settlement is not susceptible to a mathematical equation yielding a particularized sum. Rather, "in any case there is a range of reasonableness

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 12

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1   with respect to a settlement." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).  Courts in the

2   Ninth Circuit have "long deferred to the private consensual decision of the parties" in evaluating

3   the adequacy of a settlement amount.  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th

4   Cir. 2009).  In fact, the Court of Appeals has cautioned that evaluation of the settlement amount

5   should be "'limited to the extent necessary to reach a reasoned judgment that the agreement is

6   not the product of fraud or overreaching by, or collusion between, the negotiating parties,'" and

7   that the settlement as a whole is fair, reasonable and adequate.  *Hanlon v. Chrysler Corp.*, 150

8   F.3d 1011, 1027 (9th Cir. 1998) (quoting *Officers for Justice*, 688 F.2d at 625).  A proposed

9   settlement may be acceptable even though it amounts to only "a fraction of the potential

10   recovery" that might be available to the class members at trial.  *See Mego Fin.*, 213 F.3d at 459;

11   *see also Micron*, 2011 WL 1882515, at *4; *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 527.

12        Here, the $2.75 million settlement confers an immediate and valuable cash benefit to

13   eligible Class Members.  Given the complexities of this litigation, the dwindling assets available

14   to satisfy a judgment, and the continued risks and expense if the Parties were to proceed through

15   trial and appeals, the Settlement represents a fair, reasonable and adequate resolution of this

16   Action.

17        **E.**     **Reaction of the Class Supports Approval of the Settlement**

18        Another factor courts consider when determining whether to approve a settlement is the

19   reaction of the class.  *See Mego Fin.*, 213 F.3d at 459; *In re Skilled Healthcare Group, Inc. Sec.

20   Litig.*, No. CV-09-5416, 2011 WL 280991, at *4 (C.D. Cal. Jan. 26, 2011); *Brotherton v.

21   Cleveland*, 141 F. Supp. 2d 894, 906 (S.D. Ohio 2001).  A "relatively small number" of

22   objections is "an indication of a settlement's fairness."  *Id.* (citing Herbert Newberg & Alba

23   Conte, 2 Newberg on Class Actions §11.48 (3d ed. 1992)); *see also Meyenburg v. Exxon

24   Mobil Corp.*, No. 3:05-cv-15, 2006 WL 5062697, at *6 (S.D. Ill. June 5, 2006) (nine objections

25   is a "minuscule" amount).  Concomitantly, "[t]he fact that some class members object to the

26

LAW OFFICES OF
**Keller Rohrback l.l.p.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**Cohen Milstein Sellers & Toll PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1    Settlement does not by itself prevent the court from approving the agreement." *Brotherton*, 141

2    F. Supp. 2d at 906.

3          In this case, the Class was notified of the Settlement by first-class mail, publication, and

4    the Internet.  Notices of the Settlement were sent to over 16,000 potential Class Members and a

5    summary notice was published in *Investor's Business Daily* on December 6, 2012.  Bravata Decl.

6    ¶¶ 4, 5, 7.  Moreover, a dedicated website was created and all relevant documents and dates were

7    posted thereon.  *Id.* ¶ 4.

8          Although the time for objections has not yet expired, the Settlement enjoys

9    overwhelming support – to date, only a single Class Member has objected, and only a single

10    Class Member has opted out of the Class.[6]  *See* Reiser Decl. ¶ 20.  Lead Counsel spoke to the

11    objecting Class Member, moreover, and largely alleviated his concerns.  *Id.*  Thus, the reaction

12    of the Class weighs heavily in favor of approving the Settlement.  *See Omnivision*, 559 F. Supp.

13    2d at 1043 ("'the absence of a large number of objections to a proposed class action settlement

14    raises a strong presumption that the terms of a proposed class action settlement are favorable to

15    the class members'"); *Nat'l Rural Telecomms.*, 221 F.R.D. at 529 (same).[7]

16    **IV.    THE PLAN OF ALLOCATION IS FAIR, REASONABLE AND ADEQUATE AND SHOULD BE APPROVED BY THE COURT**

17

18          Assessment of a plan of allocation of settlement proceeds in a class action under Rule 23

19    of the Federal Rules of Civil Procedure is governed by the same standards of review applicable

20    to the settlement as a whole – the plan must be fair, reasonable and adequate.  *Class Plaintiffs v.*

21    *Seattle*, 955 F.2d at 1284.  An allocation formula need only have a reasonable basis, particularly

22

23    [6]       The last day for filing objections is March 7, 2013.

24    [7]       Objections notwithstanding, courts routinely approve settlements if they otherwise meet the fairness requirements.  *See, e.g.*, *Mfrs. Life*, 1998 WL 1993385, at *7 ("[A] minuscule

25    number of objectors is another factor favoring approval."); *Boyd*, 485 F. Supp. at 624 (adequacy of settlement "persuasive" when 16% of class objected); *Stoetzner v. U.S. Steel Corp.*, 897 F.2d

26    115, 118-19 (3d Cir. 1990) (fact that only 10% of class objected "strongly favors settlement").

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND THE PLAN OF ALLOCATION OF THE SETTLEMENT PROCEEDS (11-726-RSL) – Page 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

if recommended by experienced class counsel. *White v. NFL*, 822 F. Supp. 1389, 1420-24 (D. Minn. 1993); *In re Am. Bank Note Holographics, Inc. Sec. Litig.*, 127 F. Supp. 2d 418, 429-30 (S.D.N.Y. 2001).

District courts enjoy "broad supervisory powers over the administration of class-action settlements to allocate the proceeds among the claiming class members … equitably." *Beecher v. Able*, 575 F.2d 1010, 1016 (2d Cir. 1978); *accord In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 238 (5th Cir. 1982). There is no requirement that a settlement must benefit all class members equally. *See Mego Fin.*, 213 F.3d at 461; *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1152 (8th Cir. 1999) (upholding distribution plan where class members received different levels of compensation and finding that no subgroup was treated unfairly); *S.C. Nat'l Bank v. Stone*, 749 F. Supp. 1419, 1437 (D.S.C. 1990) (approving settlement where some class members did not share in recovery).

Here, the Plan of Allocation was developed by Lead Plaintiff's damages expert, and it reflects an assessment of the damages that could have been recovered under the theories asserted by Lead Plaintiff in this case. The Plan of Allocation will, therefore, result in an equitable distribution of the proceeds among Class Members who submit valid claims. Since the Plan of Allocation is a fair, reasonable and adequate method of allocating the Net Settlement Fund among the members of the Class, Lead Plaintiff respectfully requests that it be approved.[8]

## V.   THE NOTICE OF SETTLEMENT SATISFIES DUE PROCESS

Procedural due process requires that in a class action, notice of the settlement and an opportunity to be heard must be given to absent class members. *See* Fed. R. Civ. P. 23(e)(1). Trial courts are given substantial latitude to determine fair and expedient procedures. *See, e.g., Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999). The generally accepted method to provide notice to class members is by direct mail and publication in newspapers. *See*

---

[8]     To date, there have been no objections to the Plan of Allocation.

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 15

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1  *Diamond Chem. Co., Inc. v. Akzo Nobel Chems. B.V.*, 205 F.R.D. 33, 34 (D.D.C. 2001);

2  MANUAL FOR COMPLEX LITIGATION § 21.312, at 294.

3      Here, the Court-approved Notice was mailed to more than 16,000 potential Class

4  Members, and posted on the Claims Administrator's website.  *See* Bravata Decl. ¶¶ 4-5.  In

5  addition, a summary notice was published in *Investor's Business Daily. Id.* ¶ 7.  The notice

6  program, undertaken with the assistance of an experienced claims administrator, took into

7  account the identity and location of Class Members and utilized the most practicable method of

8  providing notice to them.  *See generally id.* ¶¶ 4-6.

9      Substantive due process requires that a notice '"fairly apprise the … members of the class

10  of the terms of the proposed settlement and of the options that are open to them in connection

11  with [the] proceedings.'"  *See Consolidated Edison, Inc. v. Northeast Utils.*, 332 F. Supp. 2d 639,

12  652 (S.D.N.Y. 2004).  In a securities class action, the basic requirements for a class notice are set

13  forth in the PSLRA: (a) the amount of the settlement proposed to be distributed to the parties;

14  (b) an explanation regarding the attorneys' fees and costs sought; (c) the name, telephone

15  number, and address of Lead Counsel who will be reasonably available to answer questions from

16  Settlement Class Members concerning any matter contained in the Notice; (d) a statement

17  explaining the reasons why the parties propose the Settlement; (e) a description of the proposed

18  Plan of Allocation; and (f) the rights of every Settlement Class Member, including their right to

19  object to the Settlement, the requested attorneys' fees and expenses, and/or the Plan of

20  Allocation.  The Notice approved by the Court included all of this required information.  *See*

21  Bravata Decl. Ex. A.

22      For the foregoing reasons, Lead Plaintiff respectfully submits that the notice program

23  satisfied all applicable statutory and constitutional requirements.

24

25

26

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 16

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

**VI.     CERTIFICATION OF THE SETTLEMENT CLASS UNDER FEDERAL RULE OF CIVIL PROCEDURE 23 IS APPROPRIATE**

In order to go forward with the settlement approval process, it is necessary that the Court certify the Action as a class action for purposes of settlement.  Federal Rule of Civil Procedure 23 provides that an action may be maintained as a class action if each of the four prerequisites of Rule 23(a) is met and, in addition, the action qualifies under one of the subdivisions of Rule 23(b).  Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b) provides, in relevant part:

> A class action may be maintained if Rule 23(a) is satisfied and if: … (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

As set forth below, all of the requirements of Rule 23 are easily met and certification of the Class is clearly appropriate here.

**A.      The Class Is Sufficiently Numerous**

Federal Rule of Civil Procedure 23(a) first requires that the proposed class be so numerous that joinder of all members is difficult or impracticable.  Fed. R. Civ. P. 23(a)(1).  "[I]n general, courts have held that joinder is practicable where there are less than 25 parties, and impracticable where there are more than 35."  *In re THQ, Inc. Sec. Litig.*, No. 00-CV-1783, 2002 WL 1832145, at *3 (C.D. Cal. Mar. 22, 2002).  Here, joinder is certainly impracticable.

Joinder is presumed impracticable when proposed class numbers are in the hundreds.  *See* 1 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3.5 at 246 (4th ed. 2002) ("certainly, when the class is very large – for example, numbering in the hundreds – joinder will

MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND THE PLAN OF ALLOCATION OF THE SETTLEMENT PROCEEDS (11-726-RSL) – Page 17

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

be impracticable").  Although the precise number of the Class Members is unknown, that number is certainly in the hundreds, or, more likely, thousands: millions of HQSM shares were traded during the Class Period, at least 16,000 potential Class Members were identified in the Notice process, and 975 Proofs of Claim have already been filed (and the deadline for filing is some months off).  *See* Bravata Decl. ¶¶ 5, 11.  As such, joinder of all purchasers of HQSM's stock during the Class Period would be impracticable, and the proposed Class easily satisfies the numerosity requirement of Fed. R. Civ. P. 23(a).

### B.      Common Questions of Law or Fact Exist

Federal Rule of Civil Procedure 23(a)(2) requires that there be "questions of law or fact common to the [members of the] class."  Fed. R. Civ. P. 23(a)(2).  Like all the requirements of Rule 23(a), the commonality requirement is construed liberally: "'[T]hose courts that have focused on Rule 23(a)(2) have given it a permissive application so that common questions have been found to exist in a wide range of contexts.'  The rule does not require all questions of law and fact to be common."  *Rodriguez v. Carlson*, 166 F.R.D. 465, 472 (E.D. Wash. 1996) (citations omitted); *see also Schneider v. Traweek*, No. 88-CV-0905, 1990 WL 132716, at *6 (C.D. Cal. July 31, 1990).

It is well-established that the commonality requirement is satisfied if the claims of the prospective class share even one central question of fact or law.  *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-20 (9th Cir. 1998); Conte & Newberg, *supra*, § 3.10 at 271-90.  "All questions of fact and law need not be common to satisfy the rule.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  *Hanlon*, 150 F.3d at 1019; *see also Yslava v. Hughes Aircraft Co.*, 845 F. Supp. 705, 712 (D. Ariz. 1993) ("'A common question is one which arises from a "common nucleus of operative facts" regardless of whether the underlying facts fluctuate over the class period and vary as to individual claimants.'") (quoting *In re Asbestos School Litig.*, 104 F.R.D. 422, 429 (E.D. Pa. 1984)).

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

This Action presents numerous common questions of both law and fact, including, *inter alia*:

- whether the Defendants' alleged acts violated the federal securities laws;

- whether Defendants participated in and pursued the common course of conduct complained of in the complaint;

- whether documents, SEC filings, press releases and other statements disseminated to the investing public and HQSM stockholders during the Class Period misrepresented material facts about the Company's business;

- whether the market prices of HQSM securities during the Class Period were artificially inflated due to material misrepresentations and the failure to correct the material misrepresentations; and

- to what extent the members of the Class have sustained damages and the proper measure of damages.

Accordingly, common questions of law and fact exist in this Action such that certification as a class action is appropriate.

### C.   Lead Plaintiff's Claims Are Typical of Those of the Class

The typicality requirement is satisfied where, as here, "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Typicality does not require that the interests of the named representatives and the class members be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981). "[T]he test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *In re THQ*, 2002 WL 1832145, at *3 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 19

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1   Lead Plaintiff's (and all Class Members') claims arise from the same course of conduct
2   and are predicated on the same legal theories as the claims of the rest of the Class, and thus these
3   claims easily satisfy the typicality requirement of Rule 23(a). *Pelletz v. Weyerhaeuser Co.*, 255
4   F.R.D. 537, 540 (W.D. Wash. 2009) (finding typicality where plaintiffs and class members share
5   the same claims based on defendants' conduct).

**D.    Lead Plaintiff Is an Adequate Representative of the Class**

7   The adequacy requirement "serves to uncover conflicts of interest between named parties
8   and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625
9   (1997). "The Ninth Circuit has held that representation is 'adequate' where (1) counsel for the
10  class is qualified and competent, (2) the representatives' interests are not antagonistic to the
11  interests of absent class members, and (3) it is unlikely that the action is collusive." *Schlagel v.*
12  *Learning Tree, Int'l.*, No. 98-CV-6384, 1999 WL 672306, at *3 (C.D. Cal. Feb. 23, 1999) (citing
13  *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir.
14  1982) and *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)).

15  Here, there are no conflicts between Lead Plaintiff and absent Class Members; as noted
16  above, their claims arise from a common course of conduct and they would be proven with the
17  same evidence. Lead Plaintiff is also adequate as demonstrated by the fact that it has retained
18  experienced counsel to bring this Action against Defendants. As shown by its firm biography,
19  Reiser Decl. Ex. A, Lead Counsel is one of the preeminent class action law firms in the country,
20  and has been appointed as lead counsel in this and other securities class actions. This is also true
21  of the individual attorneys who litigated the Action for Lead Plaintiff and the Class.
22  Accordingly, both Lead Plaintiff and its counsel are more than adequate to represent the Class.

**E.    The Requirements of Rule 23(b)(3) Are Also Satisfied**

24  Rule 23(b)(3) authorizes certification where, in addition to the prerequisites of Rule
25  23(a), common questions of law or fact predominate over any individual questions and a class

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 20

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1    action is superior to other available means of adjudication.  *Amchem*, 521 U.S. at 591-94.  The

2    Action easily meets Rule 23(b)(3)'s requirements.

3         **1.      Common Legal and Factual Questions Predominate in the Litigation**

4         "Predominance is a test readily met in certain cases alleging consumer or securities fraud

5    or violations of the antitrust laws."  *Amchem*, 521 U.S. at 625.  In this case, the common

6    questions of law and fact identified above predominate because the proof for the claims of

7    misrepresentation, materiality, reliance and Defendants' scienter are all based on a common

8    nucleus of fact and common course of conduct.

9         In analyzing whether common questions predominate, the Court must evaluate whether

10   proving the elements of Lead Plaintiff's claims can be done through common questions of fact or

11   law, or whether the proof will be overwhelmed with individual issues.  *See Hanlon*, 150 F.3d at

12   1022.  The predominance inquiry tests "whether proposed classes are sufficiently cohesive to

13   warrant adjudication by representation."  *Amchem*, 521 U.S. at 594. "The commonality

14   requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) are closely

15   related and a fining [*sic*] of one generally will satisfy the other."  *Villareal v. Snow*, No. 95-CV-

16   2484, 1996 U.S. Dist. LEXIS 667, at *15 (N.D. Ill. Jan. 16, 1996).  The focus of Fed. R. Civ. P.

17   23(b)(3)'s predominance test is on whether the Class claims arise out of the same legal or

18   remedial theory – "a common legal grievance."  *Hochschuler v. G. D. Searle & Co.*, 82 F.R.D.

19   339, 349 (N.D. Ill. 1978); *see also Hanlon*, 150 F.3d at 1022.  "'When one or more of the central

20   issues in the action are common to the class and can be said to predominate, the action will be

21   considered proper under Rule 23(b)(3) even though other important matters will have to be tried

22   separately.'"  *In re Potash Antitrust Litig.*, 159 F.R.D. 682, 693 (D. Minn. 1995) (quoting 7A

23   Wright, *Federal Practice and Procedure* § 1778 at 528-30).

24        Courts generally find that securities fraud class actions easily satisfy the predominance

25   requirement.  *See In re THQ*, 2002 WL 1832145, at *8 ("Plaintiffs' claim – which is based on a

26   series of misrepresentations and market manipulations – clearly satisfies the requirement that

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF THE SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 21

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

common questions predominate over those affecting individual members.") (citing *In re United Energy Corp. Solar Power Modules Tax Shelter Investments Sec. Litig.,* 122 F.R.D. 251, 256 (C.D. Cal. 1988)) (finding that common questions such as the knowledge of the defendants and the truth or falsity of their representations predominated over individual questions); *In re Unioil Sec. Litig.,* 107 F.R.D. 615, 622 (C.D. Cal. 1985) (holding that common questions predominated where the plaintiffs' claim was based on a common nucleus of misrepresentations, material omissions and market manipulations). Thus, as this Action alleges a scheme of misrepresentations, the predominance element is satisfied here.

### 2.   A Class Action Is the Superior Means to Adjudicate the Claims

The second prong of Rule 23(b)(3) is essentially satisfied by the Settlement itself.  As the court explained in *Amchem*, "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Pro. 23(b)(3)(D), for the proposal is that there be no trial."  521 U.S. at 620.  Thus, any manageability problems that may have existed here – although Lead Plaintiff knows of none – are eliminated by the Settlement.

Accordingly, for all of the reasons detailed herein, it is appropriate to certify this litigation as a class action.

## VII.   CONCLUSION

The proposed Settlement is supported by the presence of skilled counsel for all parties, the complexity of the facts at issue, further substantial expense if this litigation were to continue through trial and appeals, the risks attendant to prevailing at trial and subsequent appeals, obstacles faced in collecting a substantial judgment, the present benefit of the Settlement to Class Members, and the arm's-length settlement negotiations before a skilled mediator.  Therefore, for

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 22

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

the reasons discussed in this Memorandum and in the Reiser Declaration, Lead Plaintiff and Lead Counsel respectfully request that this Court approve both the Settlement and the Plan of Allocation as fair, reasonable and adequate.

Dated: February 28, 2013

KELLER ROHRBACK LLP

*/s/ Elizabeth A. Leland*
Lynn Lincoln Sarko, WSBA # 16569
Juli E. Farris, WSBA # 17593
Elizabeth A. Leland, WSBA # 23433
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  (206) 623-1900
lsarko@kellerrohrback.com
jfarris@kellerrohrback.com
eleland@kellerrohrback.com

*Liaison Counsel for Lead Plaintiff and the Class*

COHEN MILSTEIN SELLERS & TOLL PLLC
Steven J. Toll
Julie G. Reiser, WSBA # 27485
S. Douglas Bunch
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Telephone:  (202) 408-4600
stoll@cohenmilstein.com
jreiser@cohenmilstein.com

*Lead Counsel for the Class*

MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF FINAL
APPROVAL OF SETTLEMENT AND THE PLAN
OF ALLOCATION OF THE SETTLEMENT
PROCEEDS (11-726-RSL) – Page 23

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following ECF participants:

Brian Weinstein (Terminated)     brian@weinsteincouture.com, briandw@comcast.net

Dan Drachler     ddrachler@zsz.com

Elizabeth Ann Leland     bleland@kellerrohrback.com, dwilcher@kellerrohrback.com

Erin Maura Riley     eriley@kellerrohrback.com, chopkins@kellerrohrback.com

James P Savitt     jsavitt@jetcitylaw.com, asayson@jetcitylaw.com, dcolvin@jetcitylaw.com, dpeters@jetcitylaw.com, mgranger@jetcitylaw.com, tcowden@jetcitylaw.com

Jeremy E Roller     jroller@yarmuth.com, smeyer@yarmuth.com

Juli E. Farris     jfarris@KellerRohrback.com, lbachmann@kellerrohrback.com

Julie Goldsmith Reiser     jreiser@cohenmilstein.com

Karl Phillip Barth     karlb@hbsslaw.com, dawn@hbsslaw.com, shelbys@hbsslaw.com

Kenneth Lee Karlberg     ken@karlberglaw.com

Lynn Lincoln Sarko     lsarko@kellerrohrback.com, cengle@kellerrohrback.com

Marc D Ashley     mashley@chadbourne.com

Marcelo Blackburn     mblackburn@chadbourne.com

Mary K. Blasy     mblasy@scott-scott.com, efile@scott-scott.com

Michael D Handler     mhandler@cozen.com, mstone@cozen.com

Peter M. Ryan     pryan@cozen.com, kduffy@cozen.com

Robert W Hayes     rhayes@cozen.com, egomez@cozen.com, sgerhard@cozen.com

Stephen L. Brodsky     sbrodsky@zsz.com

Steve W. Berman     steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

Steven J Toll     stoll@cohenmilstein.com, efilings@cohenmilstein.com

Thomas J. McCormack     tmccormack@chadbourne.com

William R Spurr     bill@williamrspurr.com

/s/ Elizabeth A. Leland
Elizabeth A. Leland